Edwin C. HAYNES and Barbara Haynes, Plaintiffs,

v.

HANOVER INSURANCE COMPANY, Defendant.

No. S 83–248 C(D).

United States District Court, E.D. Missouri, Southeastern Division.

April 1, 1985.

H. Max Hilfiker, Malden, Mo., Robert S. Barney, Bloomfield, Mo., for plaintiffs.

Russell F. Watters, St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court for entry of judgment. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1332.

At trial, this Court granted defendant's motion for a directed verdict. This suit arose from a fire on plaintiff's premises on March 31, 1983. In effect at the time of the fire was an insurance policy between plaintiff and defendant. Defendant refused to pay for plaintiff's casualty loss citing, *inter alia*, arson, fraud, and misrepresentation.

The policy contained the following provision:

This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof or the interest of the insured therein, or in the case of any fraud or false swearing by the insured relating thereto. ... neglect of the insured to use all reasonable means to save and preserve the property at and after a loss. ...

During the trial plaintiff admitted to the following misrepresentations:

1. During his examination under oath on June 16, 1983 plaintiff stated that he had only two mortgages on his house and no other loans. At trial, however, plaintiff admitted that he had a total of ten (10) loans outstanding on the date of the fire amounting to Ninety Nine Thousand Six Hundred Thirteen Dollars and Twenty One

Cents ($99,613.21) in debt. Plaintiff admitted to his true financial status only after it had been independently established by depositions of the loan officer and custodian of records at plaintiff's bank.

2. Along with failing to provide the proper amount of indebtedness, plaintiff did not reveal that both the first and second mortgages and three other loans were delinquent at the time of the fire. In fact, plaintiff had previously testified that his loans were current and up-to-date. Again, this information had to be independently obtained.

3. At his examination under oath plaintiff stated that he had "three or four thousand dollars" in his bank account at the time of the fire. In his interrogatories plaintiff stated that he had Three Thousand Five Hundred Dollars ($3,500.00) in his account at that time. In fact, he had a negative balance of Two Thousand Eight Hundred Ninety Nine Dollars and Ninety Four Cents ($2,899.94) in his account at the time of the fire. Furthermore plaintiff had testified at his examination that he had a balance of Five to Six Thousand Dollars ($5,000.00–$6,000.00) in his business checking account and had testified at his deposition that the balance was "between four and six thousand dollars" when in fact he had a negative balance of Two Thousand Nine Hundred Eighty One Dollars and Twenty Two Cents ($2,981.22).

Plaintiff had previously testified that his accounts had never been below zero, even though he received a phone call and letter from the bank every time his account was overdrawn and he received monthly statements showing his balance on any given day. Plaintiff also testified at trial that he knew that his account being overdrawn meant that he had a negative balance in his account and that it had, in fact, fallen below zero.

█ In view of plaintiff's repeated omissions and misrepresentation during the course of the insurance investigation, the discovery phase of this suit and even up to his testimony at trial, it is clear that plaintiff cannot recover under the terms of the policy. More importantly, however, the Court cannot countenance such blatant abuse of the judicial process. *See* Federal Rules of Civil Procedure 37. Either of these reasons is sufficient to warrant entry of a directed verdict for defendant.

█ Immediately prior to trial Barbara Haynes was admitted as a party plaintiff in order to dispose of all possible interests in the property in one litigation. She was not a named insured under the policy although, as the named insured's spouse, she was insured under the policy. Regardless of plaintiff Barbara Haynes' status in this case, however, a directed verdict must be entered against her as well. To do otherwise would allow her to profit from the wrongful acts of her husband. The policy stated clearly that the entire policy would be void if the insured had willfully concealed or misrepresented any material fact. The Court has found that the named insured did indeed intentionally conceal material facts. Accordingly, the policy must be considered void as to the interests of both husband and wife.

It Is So Ordered.