**Edwin C. HAYNES and Barbara Haynes, Appellants,**

v.

**The HANOVER INSURANCE COMPANIES, Appellee.**

No. 85–1553.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1986.

Decided Feb. 4, 1986.

Robert S. Barney, Bloomfield, Mo., for appellants.

Russell F. Watters, St. Louis, Mo., for appellee.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and ROSS, Circuit Judge.

ROSS, Circuit Judge.

Appellants, Edwin C. Haynes and Barbara Haynes, as tenants by the entirety, owned a residence in Dunklin County, Missouri on which Mr. Haynes obtained a homeowners' insurance policy from appellee, the Hanover Insurance Companies. The policy covered direct losses by fire, including up to $48,000 on the dwelling, $24,000 on the personal property contents, and $9,600 for loss of use of the premises. Mr. Haynes was the named insured under the policy, and Mrs. Haynes was covered as a relative of the insured and resident in his household within the definition of "insured" in the "definitions" section of the contract.[1]

After a fire destroyed the premises on March 31, 1983, appellee denied liability to

---

1. The provision defining "insured" stated: " 'Insured' means you and the following residents of your household: a. your relatives * * *."

appellants under the contract, alleging arson by Mr. Haynes and material misrepresentations and concealments in Mr. Haynes' sworn statement provided to the insurer in the course of the loss claim procedure. The insurer did, however, compensate the first mortgagee of the premises as loss payee for the damage to its interest in the property.

Mr. Haynes initiated suit to recover under the policy, and his wife was subsequently added as a co-plaintiff. Immediately after Mr. Haynes finished testifying at trial and before the introduction of appellants' other evidence, the district court granted appellee's oral motion for a directed verdict. Mr. Haynes' trial testimony had contradicted his previous sworn statements regarding the number and outstanding balance of loans secured by the insured property, the delinquent status of some of these loans, the amount of Mr. Haynes' other assets at the time of the fire and the overall extent of his debts at that time.

The district court, 607 F.Supp. 377, reasoned that Mr. Haynes' repeated misrepresentations and omissions in the course of the insurance investigation and during discovery prior to trial voided the policy as to his own interests and as to those of his wife.[2] The court reasoned as to Mrs. Haynes that to allow her to collect under the policy would permit her to profit from the wrongful acts of her husband. Because we consider the district court's directed verdict premature and because we do not agree that Missouri law bars an innocent insured from recovering fire insurance proceeds because of misconduct by a co-insured, we reverse and remand for further proceedings.

## I.

Appellants urge that had they been permitted to complete their case-in-chief, they would have presented evidence that Mr. Haynes' misstatements and omissions were the product of confusion, misunderstanding and inaccurate recollection rather than an intent to deceive appellee. Appellants contend that Mr. Haynes "was talking off the cuff, without bank records in his presence" when he provided the insurer with a sworn statement in support of his fire claim. They urge that their evidence would have demonstrated a reasonable basis for Mr. Haynes' confusion as to the exact status of his loans and bank account balances, including testimony by a bank officer that Mr. Haynes had entered into eighty loan transactions in thirteen years with that particular bank. According to appellants, certain deposition testimony to the effect that at the time of the fire Mr. Haynes had a sound credit rating would have been offered. Moreover, appellants contend that they should have been allowed the opportunity to show that appellee was not in fact misled by the discrepancies in Mr. Haynes' statements. *See Pearman v. Farmers' Mutual Fire Insurance Co.*, 214 S.W. 292, 293 (Mo.App.1919).

In *J.E.K. Industries, Inc. v. Shoemaker*, 763 F.2d 348, 352 (8th Cir.1985), we reiterated that a directed verdict is proper "only where the evidence points *all one way* and is susceptible of *no* reasonable inferences sustaining the position of the nonmoving party." (Emphasis in original; citations omitted.) In appellants' case, the district court failed to afford appellants the benefit of all reasonable inferences and in fact denied them the opportunity to present all of their evidence. Accordingly, the entry of a directed verdict based upon Mr. Haynes' false statements during the insurance investigation[3] must be reversed, and appellants are entitled to a new trial.

---

**2.** Under the "Conditions" section, the policy stated: "Concealment or Fraud. We do not provide coverage for any insured who has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance."

**3.** The entry of a directed verdict was premised, in addition, on the ground that Mr. Haynes' misrepresentations and omissions during discovery amounted to abuse of the judicial process. FED.R.CIV.P. 37(b)(2)(C). Because appellants lacked an opportunity to complete their record as to Mr. Haynes' state of mind when he made false statements during the insurer's investigation and the discovery phase of this lawsuit, we cannot accept Rule 37 as an appropriate

## II.

■ The Missouri courts have not decided whether misconduct by one insured in violation of insurance policy provisions voids the policy as to an innocent co-insured who has an interest in the covered property. A split of authority exists on this question. *Compare, e.g., Bryant v. Allstate Insurance Co.,* 592 F.Supp. 39 (E.D.Ky.1984); *Mele v. All-Star Insurance Corp.,* 453 F.Supp. 1338 (E.D.Pa.1978); *Short v. Oklahoma Farmers Union Insurance Co.,* 619 P.2d 588 (Okla.1980) (barring recovery by innocent co-insured) *with Mercantile Trust Co. v. New York Underwriters Insurance Co.,* 376 F.2d 502 (7th Cir.1967); *Hosey v. Seibels Bruce Group, South Carolina Insurance Co.,* 363 So.2d 751 (Ala.1978); *Hildebrand v. Holyoke Mutual Fire Insurance Co.,* 386 A.2d 329 (Me.1978); *Morgan v. Cincinnati Insurance Co.,* 411 Mich. 267, 307 N.W.2d 53 (1981); *Howell v. Ohio Casualty Insurance Co.,* 130 N.J.Super. 350, 327 A.2d 240 (1974); *Delph v. Potomac Insurance Co.,* 95 N.M. 257, 620 P.2d 1282 (1980); *Ryan v. MFA Mutual Insurance Co.,* 610 S.W.2d 428 (Tenn.App.1980) (refusing to impute misconduct by one insured to a co-insured or to bar recovery by innocent co-insured).

We think the better view and the position more likely to be adopted by the courts of Missouri when the question is addressed is expressed in the latter line of authority permitting recovery by an innocent co-insured. These decisions reason that a rule which would impute the wrongful acts of one insured to a co-insured spouse merely because of the marital relationship is outdated and unduly harsh. With respect to a fire insurance policy covering the interests of more than one insured, each would have a reasonable expectation that the carrier had undertaken a severable and distinct obligation as to the insureds' respective individual interests in the property. Absent contractual provisions to the contrary, such expectations should be honored.

Therefore, misconduct voids only the wrongdoer's interest in the insurance policy and does not operate to defeat the separate interests of an innocent co-insured.

The contract language denying "coverage for any insured who has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance," does not dictate a contrary result. Accordingly, whatever may be the outcome of Mr. Haynes' claim upon a new trial, we hold that Mrs. Haynes is not barred from recovering under Coverages A, B, C and D of the policy by reason of any breach of the insurance contract by Mr. Haynes.

The judgment of the district court is reversed, and this case is remanded for further proceedings consistent with this opinion.

---

basis for dismissal. *See Denton v. Mr. Swiss of Missouri, Inc.,* 564 F.2d 236, 240 (8th Cir.1977) (dismissal is a proper sanction when a party's

failure to make discovery involves willfulness or bad faith).