783 F.2d 739
 ROSEN-NOVAK AUTO CO., d/b/a Rosen-Novak Chevrolet, Appellee,
v.
Edward A. HONZ, Intervenor, Appellee.
Appeal of BLUE CROSS/BLUE SHIELD OF NEBRASKA, a Nebraska Corporation,
NOVAK CADILLAC, INC., f/k/a Ben Realty Company; Edward A.
Honz, Intervenor, Appellee,
v.
BLUE CROSS/BLUE SHIELD OF NEBRASKA, a Nebraska Corporation,
Appellant.
In re NOVAK VOLKSWAGEN, INC., Debtor.
NOVAK VOLKSWAGEN, INC., Plaintiff, Appellee,
v.
Edward A. HONZ, Intervenor, Appellee.
Appeal of BLUE CROSS/BLUE SHIELD OF NEBRASKA, a Nebraska
Corporation.
Edward A. HONZ, Appellee,
v.
ROSEN-NOVAK AUTO CO., Blue Cross/Blue Shield of Nebraska, a
Nebraska Corporation, Appellant.
ROSEN-NOVAK CHEVROLET and Edward A. Honz, Intervenor, Appellees,
v.
BLUE CROSS/BLUE SHIELD OF NEBRASKA, a Nebraska Corporation,
Appellant.
Edward A. HONZ, Appellee,
v.
NOVAK CADILLAC, INC., Blue Cross/Blue Shield of Nebraska, a
Nebraska Corporation, Appellant.
 No. 85-1142.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 13, 1985.
Decided Feb. 12, 1986.
 
 John F. Thomas, Omaha, Neb., for appellant.
 Michael A. Nelsen, Omaha, Neb., for appellee.
 Before LAY, Chief Judge, FAGG, Circuit Judge, and ROSENBAUM,* District Judge.
 LAY, Chief Judge.
 
 
 1
 Three related employers, known here collectively as Rosen-Novak, are debtors in pending voluntary reorganization proceedings under Chapter 11. Blue Cross/Blue Shield of Nebraska (Blue Cross) provided group health coverage for Rosen-Novak employees. On October 8, 1982, Blue Cross sent Rosen-Novak a letter stating that Blue Cross had cancelled Rosen-Novak's policy effective August 31, 1982, for failure to timely pay the monthly premiums within the policy's stated thirty-one day grace period. Rosen-Novak then brought adversary proceedings in bankruptcy court[1] against Blue Cross, alleging that Blue Cross was estopped from retroactively cancelling the policy because Blue Cross had in the past repeatedly accepted late premium payments which had established a course of dealing between the parties that precluded Blue Cross from now cancelling the policy based on untimely payments.[2]
 
 
 2
 The parties[3] entered into a joint stipulation of facts, which Rosen-Novak supplemented with oral testimony at trial before the bankruptcy court. At the close of Rosen-Novak's case in chief and before Blue Cross had presented any evidence, Blue Cross moved for dismissal under Bankr.R. 741, now Bankr.R. 7041. The bankruptcy court rejected Rosen-Novak's waiver and estoppel arguments, and, making oral findings of fact and conclusions of law, found that Rosen-Novak's coverage under the policy had ended on October 1, 1982. The court therefore granted Blue Cross' motion to dismiss. Rosen-Novak appealed the bankruptcy court's order of dismissal to the district court[4] and the district court reversed. Without taking further evidence, the district court found on the record before it that Blue Cross had by its practice of accepting late payments from Rosen-Novak waived its right to cancel the policy based on Rosen-Novak's failure to adhere to the thirty-one day grace period provision. The district court thus entered judgment against Blue Cross in favor of Rosen-Novak. Blue Cross appeals. Because we find that the record on which the district court entered judgment was incomplete, we vacate the district court's judgment and remand for further proceedings.
 
 Discussion
 
 3
 Bankr.R. 7041, which governs dismissal of bankruptcy adversary proceedings, substantially adopts the language of Fed.R.Civ.P. 41. Rule 41 provides, in pertinent part:
 
 
 4
 After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.
 
 
 5
 Fed.R.Civ.P. 41(b). It also provides that a court may rule on a motion to dismiss and render judgment against the plaintiff at the time the motion is made, or may delay its decision until all of the evidence has been presented. Fed.R.Civ.P. 41(b). When a trial court's order of dismissal is overruled on appeal, the effect is the same as if the trial court had originally denied the motion and the case should proceed as if the Rule 41(b) motion had been denied. See 9 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2376 (West 1983).
 
 
 6
 Determination of motions to dismiss under Bankr.R. 7041 and review of such dismissals are governed by the procedures set out in 28 U.S.C. Secs. 157 and 158 (1984). This case arises as a noncore related proceeding which, in the absence of a petition in bankruptcy, could have been brought in a federal district or state court. See 28 U.S.C. Sec. 157(a), (b).[5] In all cases under Title 11 and all core proceedings arising under Title 11, the bankruptcy court may enter appropriate orders and judgments, subject to district court review. 28 U.S.C. Sec. 157(b)(1). Bankruptcy judges may also hear non-core proceedings otherwise related to a case under Title 11, but in such cases the district court shall enter any final order or judgment unless all parties to the proceeding consent to the case's reference to a bankruptcy judge for determination and entry of appropriate orders and judgments. 28 U.S.C. Sec. 157(c)(1), (2); see Moody v. Amoco Oil Co., 734 F.2d 1200, 1208 (7th Cir.), cert. denied, 105 S.Ct. 386, 83 L.Ed.2d 321 (1984) (discussing operation of interim rules in context of related proceedings). Whether an action is a non-core proceeding is left for the bankruptcy court's determination, guided by Sec. 157(b)(2)'s non-exclusive list of factors. 28 U.S.C. Sec. 157(b)(3). We find in the record before us no determination by the bankruptcy court as to whether this case is a non-core proceeding. However, we believe that this action does fall into the category of non-core proceedings related to a case under Title 11 and was properly before the bankruptcy court under its powers set forth in Sec. 157(c)(1).
 
 
 7
 After reviewing the record and the arguments of counsel, this court agrees with the district court's determination that by repeatedly accepting from Rosen-Novak premium payments tendered after the expiration of the thirty-one day grace period, Blue Cross established a sufficient course of dealing that created at least a prima facie case of waiver or estoppel precluding cancellation of Rosen-Novak's policy on grounds of untimely premium payment. Whether Blue Cross' actions here constitute waiver or estoppel requires the court to apply the relevant legal standards to largely undisputed, stipulated facts. The district court here was thus presented with a mixed question of law and fact which, in its role as a reviewing court, it could determine on its own. See Baker v. Stuart Broadcasting Co., 560 F.2d 389, 392 (8th Cir.1977) (application of legal standard to case's facts is not a finding of fact). As the district court recognized, the general rule established under Nebraska law is that a past course of conduct of acceptance of premiums after the grace period may establish a waiver by the insurer to declare a forfeiture for failure to pay premiums on the stipulated date if an established custom by the insurer inconsistent with the policy is shown, upon which the insured relied to his injury, and it would be inequitable under the circumstances to enforce the provision providing for the policy's lapse upon the premium's nonpayment. Robbins v. National Life and Accident Insurance Co., 182 Neb. 749, 755, 157 N.W.2d 188, 192 (1968); see Tighe v. Security National Life Insurance Co., 191 Neb. 271, 275-76, 214 N.W.2d 622, 625 (1974).
 
 
 8
 The difficulty here arises, however, because Blue Cross has not yet been allowed to present evidence which might contradict or detract from the credibility of Rosen-Novak's prima facie proof. Thus, we find that the district court erred in not remanding the case to the bankruptcy court so that the record might be fully developed before final disposition of the case on the merits. Not only are we reluctant on review to rely on a record in which only one party has had the opportunity to fully present its case, but it is clear that by making a motion to dismiss at the close of Rosen-Novak's evidence, Blue Cross did not waive its right to present evidence on its own behalf. See 5 J. Moore, J. Lucas, and J. Wicker, Moore's Federal Practice p 41.13 (2d ed. 1985) (upon reversal of Rule 41(b) dismissal, reviewing court should remand so defendant can present evidence on its behalf). The district court has broad discretion in the manner in which it conducts de novo review of the bankruptcy court findings objected to by the parties. See 28 U.S.C. 157(c)(1). However, upon reversing the bankruptcy court's order of dismissal under Bankr.R. 7041, the district court here should have allowed the case to proceed as if Blue Cross' motion to dismiss had been initially denied. In this way, Blue Cross would have had a full opportunity to present any evidence which might overcome the inference of waiver and estoppel established by Rosen-Novak's prima facie case. Cf. Haynes v. The Hanover Insurance Companies, 783 F.2d 136, 137 (8th Cir.1986) (directed verdict for defendant reversed where district court failed to afford plaintiffs the opportunity to present all their evidence).
 
 Conclusion
 
 9
 Because we find that the record on which judgment was entered is incomplete, we vacate the district court's order reversing the bankruptcy court's dismissal of Rosen-Novak's suit and the district court's entry of judgment on Rosen-Novak's behalf. If the parties consent, the district court is directed to enter an order remanding the case to the bankruptcy court for development of a full record before final disposition on the merits.[6] On remand, not only should Blue Cross have an opportunity to present its evidence, but Rosen-Novak should also have an opportunity, if it wishes, to supplement its evidence presented at the first hearing either through retrial of its case in chief or by rebuttal of Blue Cross' evidence.
 
 
 10
 Judgment vacated and the case remanded. Costs awarded against appellee.
 
 
 
 *
 The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable David L. Crawford, United States Bankruptcy Judge for the District of Nebraska, presiding
 
 
 [2]
 The insurance policy provisions at issue here provide:
 F. A grace period of 31 days, interest free, will be allowed for payment of any charge due after the first due date, during which time this Contract shall continue in force if the Applicant pays the past due charges during the grace period, subject to the other provisions in this Article.
 G. If the Applicant does not pay the past due charges during the grace period, this Contract shall end as of 12:00 Midnight of the last day of the grace period; and the Applicant will be liable to the Company for all payments due, including those for the grace period.
 For several months preceeding October 8, 1982, Rosen-Novak repeatedly paid its premiums after the thirty-one day grace period had elapsed. The record shows that every premium payment due from February 1 through August 1, 1982 was accepted by Blue Cross after the grace periods had expired. When, on October 8, 1982, the premium due September 1 had not yet been paid, Blue Cross advised Rosen-Novak by letter that the policy was terminated retroactively to August 31, 1982, the date the last premium was paid. At trial before the bankruptcy court, Blue Cross admitted coverage through September 1982. The period for which coverage is now in issue is October 1 through October 14, 1982, because Rosen-Novak secured insurance coverage from another carrier effective October 15, 1982.
 
 
 [3]
 Edward A. Honz, a Rosen-Novak employee enrolled under the Blue Cross policy in issue here, filed a petition of intervention and is also a party to these proceedings. Blue Cross raises as an additional ground of appeal that Honz's motion to alter or amend the bankruptcy court's order and findings should have been denied as an improperly perfected notice of appeal for failure to timely sign the motion. Because we vacate and remand on other grounds, we do not reach the merits of that issue here
 
 
 [4]
 The Honorable C. Arlen Beam, United States District Judge for the District of Nebraska, presiding
 
 
 [5]
 This statute is derived from the interim rules promulgated to provide for the continuing operation of the bankruptcy court system after Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In that case, the Supreme Court found unconstitutional the vesting of the district court's bankruptcy jurisdiction in bankruptcy judges, who are not Article III judges, in the context of the bankruptcy court's adjudication of state law claims
 
 
 [6]
 We draw attention again to the provisions of 28 U.S.C. Sec. 157, discussed supra. Although the record does not reveal explicit consent by the parties to the bankruptcy court's jurisdiction to enter a final order or judgment, for purposes of this appeal we have assumed such consent here from the parties failure to object to date to the bankruptcy court's jurisdiction to rule on the case's merits. See 28 U.S.C. Sec. 157(c)(2). On remand, if the parties do not explicitly consent on the record to the bankruptcy court's jurisdiction to enter a final order or judgment on the merits, the bankruptcy court should submit proposed findings and conclusions to the district court for entry, after review de novo of those matters to which any party has timely and specifically objected, of a final order or judgment consistent with the procedures outlined in 28 U.S.C. Sec. 157(c)