**Irene AMICK, Appellant,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Appellee.**

**No. 88–1557.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 23, 1988.

Decided Dec. 7, 1988.

H. Ralph Gaw, Tipton, Mo., for appellant.

John G. Doyen, St. Louis, Mo., for appellee.

Before McMILLIAN, FAGG and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Gerald Bohnenblust,[1] Personal Representative of the Estate of Mary Bohnenblust, appeals from a final judgment entered in the District Court[2] for the Western District of Missouri upon a jury verdict finding for State Farm Fire and Casualty Co. (State Farm) on a claim for fire insurance. For reversal, Bohnenblust argues that the district court erred in instructing the jury that an innocent co-insured could not recover if any other insured had committed fraud or misrepresented any material fact. For the reasons discussed below, we affirm the judgment of the district court.

Mary Bohnenblust, age 92 at the time of the fire, owned a residential dwelling at 411 Third Street, Boonville, Missouri. Mary Bohnenblust, however, did not live in the house. Her grandson, David Amick, and his wife, Cynthia, lived in the house. Mary Bohnenblust originally purchased the State Farm fire insurance policy in 1961. After David and Cynthia Amick moved into the house in 1984, Mary Bohnenblust added David Amick and Irene Amick (his mother and Mary Bohnenblust's daughter) as co-insureds on the policy.

On July 7, 1985, the house and its contents were destroyed by fire. On July 8, 1985, Mary Bohnenblust executed a warranty deed conveying the property in joint tenancy to David and Cynthia Amick.

David and Cynthia Amick filed a proof of loss of the contents of the house. Mary Bohnenblust filed a claim for the destruction of the dwelling.

State Farm denied David and Cynthia Amick's claim because State Farm believed that the Amicks had intentionally set the fire and had made misrepresentations in filing the proof of loss. State Farm denied Mary Bohnenblust's claim because of the policy provision denying recovery to all insureds in the event of fraud or misrepresentation: *"Concealment or Fraud.* If you or any other insured under this policy

has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss, then this policy is void as to you and any other insured."

Mary Bohnenblust and David and Cynthia Amick filed an action to recover under the fire insurance policy against State Farm in the Circuit Court of Cooper County, Missouri. On State Farm's petition, the action was removed to the United States District Court for the Western District of Missouri. Mary Bohnenblust died before the trial.

At trial, all parties stipulated that the fire was of incendiary origin and an arson. State Farm presented evidence linking David Amick to the intentional setting of the fire. For example, at the time of the fire the property was in a dilapidated condition and the grass was over three feet high. The Amicks were also suffering from severe financial problems. Additionally, State Farm offered evidence from two acquaintances of David Amick who testified that David Amick told them that he needed a fire to get out of financial trouble. Further evidence was produced at trial to establish the Amicks' misrepresentations on their proof of loss statement.

After two days of trial, the case was submitted to the jury. The district court instructed the jury that Mary Bohnenblust could not recover if any of the other co-insureds committed fraud. The district court refused to issue a separate instruction and verdict director for Mary Bohnenblust's claim because of the above provision in the insurance contract. The jury found in favor of State Farm. The Amicks did not appeal.

The issue is whether barring recovery by an innocent co-insured when another insured commits fraud is against public policy. Bohnenblust argues that policy provisions barring innocent co-insureds from recovery are against public policy because

---

1. Gerald Bohnenblust replaced Irene Amick, Mary Bohnenblust's daughter and the original party plaintiff in this action. Irene Amick died while the case was pending.

2. The Honorable Richard H. Ralston, United States Magistrate for the Western District of Missouri. This case was tried by a magistrate by the consent of the parties.

such provisions unfairly hold innocent co-insureds liable for the wrongdoings of another insured. Our research has not found, and counsel has not cited, any Missouri statute or case holding that public policy prohibits insurers from barring recovery by innocent co-insureds if any other insured commits fraud in connection with a claim. Several jurisdictions have held similar policy provisions are not against public policy because insurance providers should be able to refuse to bear the risk of loss to property intentionally caused by an insured. *Spezialetti v. Pacific Employers Insurance Co.*, 759 F.2d 1139, 1142 (3d Cir.1985) (court upholds policy language that bars "any insured" from recovery, "any insured" meaning any person covered under the insurance policy); *Bryant v. Allstate Insurance Co.*, 592 F.Supp. 39, 42 (E.D.Ky. 1984) ("The court sees no injustice in requiring the company to pay only those risks it insured, where, as here, the coverages are spelled out in clear and unambiguous language."); *Bryan v. Employers National Insurance*, 294 Ark. 219, 742 S.W.2d 557, 558 (1988) (an innocent co-partner could not recover under a policy where arson was committed by a partner because the language of the policy specifically barred recovery); *West Bend Mutual Insurance Co. v. Salemi*, 110 Ill.Dec. 608, 158 Ill.App.3d 241, 511 N.E.2d 785 (1987) (innocent co-insured not barred from recovery in the absence of contractual language which clearly expressed that intention); *Hogs Unlimited v. Farm Bureau Mutual Insurance Co.*, 401 N.W.2d 381 (Minn. 1987) (unless forbidden by insurance contract, innocent insured partners could recover their proportionate interest despite a partner's intentional destruction); *Krupp v. Aetna Life & Casualty Co.*, 103 A.D.2d 252, 479 N.Y.S.2d 992 (1984) (allows recovery by innocent co-insured in the absence of specific language excluding coverage).

The key factor is whether the policy provision barring recovery by innocent co-insureds is clear and unambiguous. The State Farm insurance policy unambiguously denied recovery to "you and any other insured" in the event "you or any other insured" commit fraud or misrepresent material facts. Further, in Missouri, all policy forms must be submitted to the director of the division of insurance for review. Mo. Rev.Stat. § 375.920–23. The director is required to review policy forms to insure that each form complies with state insurance laws and contains "words, phraseology, conditions, and provisions which are specific, certain, and unambiguous." *Id.* § 375.920. The law became effective after January 1, 1980. *Id.* § 375.923. Because Mary Bohnenblust added Irene Amick and David Amick as co-insureds in 1984, the policy in question had been subjected to this review and its language had been approved by the state director as specific and unambiguous.

For the above reasons, the district court's jury instruction and verdict director was not error.

Accordingly, the judgment of the district court is affirmed.