**Ellis CHILDERS and Loretta Rankin (Childers), Plaintiffs–Appellants,**

v.

**STATE FARM FIRE & CASUALTY COMPANY, Defendant–Respondent.**

Nos. 55098, 55106.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 25, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 24, 1990.

Application to Transfer Denied Dec. 18, 1990.

John F. Mulligan, Jr., J. Michael Benson, Clayton, for plaintiffs-appellants.

PUDLOWSKI, Presiding Judge.

This case arises from an attempt to collect on a fire insurance policy issued by State Farm Fire and Casualty Company (State Farm) to appellants, Ellis Childers (Childers) and Loretta Childers Rankin (Rankin). The defendant, State Farm, issued the policy to Childers and Rankin as joint insureds on December 13, 1983. The policy covered losses by fire to the buildings, personal property, and for actual loss of use.

On November 16, 1984, the dwelling and its contents were damaged by fire. The appellants claimed loss of $45,600 on the dwelling, $25,000 on the personal property contents, and $14,000 for actual loss of use. The appellants made a demand on State Farm to pay the proceeds of the insurance policy. State Farm denied coverage and Childers brought an action for breach of contract and vexatious refusal to pay. Rankin filed separately and both actions were subsequently consolidated. State Farm answered that it denied payment on the grounds that (1) one or both appellants had made material misrepresentations of fact in preparing their proof of loss to reflect the extent of personal property destroyed in the fire of their home, and (2) the dwelling was damaged as the result of arson through the design or procurement of one or both appellants.

Both appellants appeal from a verdict and judgment in favor of State Farm and this court consolidated the appeals. Appel-

lants complain of alleged errors in instructing the jury and in the admission of certain evidence. We affirm.

Rankin prepared the insurance inventory forms listing the personal property contents claimed to be destroyed or damaged by the fire. Also, Childers provided items to Rankin to be included on the list that he stated he had purchased, even though Rankin testified she had never seen any of these items in the home prior to the fire. Childers reviewed the inventory lists after completion by Rankin. Both of them signed the bottom of each of the fourteen proof of loss forms, which included over two hundred and twenty items subsequently submitted to State Farm as lost in the fire. A claims adjuster for State Farm inspected the dwelling at 9917 Linn on December 19, 1984, and was unable to·locate many personal property items listed on the forms presented by the appellants to State Farm.

At trial Rankin testified there were numerous items, which she had claimed were lost or damaged in the fire, that were in fact in her possession. Rankin contended that she had inadvertently made errors when preparing the inventory list for State Farm, and at trial she testified she wanted to correct these mistakes. At the direction of defense counsel, Rankin marked X's on the insurance inventory forms next to the items that were now in her possession, but had been claimed as damaged or destroyed in the fire. These items included a rocker, a bookcase, twenty-two watches, two bar stools, student hand book dictionaries, tennis shoes, ladies handbags and coats, three ladies blouses, eight ladies skirts, boys shoes, jeans, and sweaters, underoo sets, a picnic set, photograph file boxes, a recipe box, a cutlery set, a radio phone, and a pair of binoculars.

■■■ Appellants' first point on appeal is that the trial court erred in submission of jury instructions requiring the jury to deny recovery to appellants if either or both parties engaged in conduct which violated a provision of the insurance policy. This requirement is alleged by appellants to be contrary to appellants' rights under the insurance policy and also against public policy. Under the law the court must accept the written policy as the expression of the agreement made by the parties, and give effect to the intentions of the parties as disclosed by clear and unambiguous language. *Wilson v. Concordia Farmers Mutual Insurance Company*, 479 S.W.2d 159, 162 (Mo.App.1972). Where language in an insurance policy is unequivocal, it must be given its plain meaning. *Moore v. Commercial Union Insurance Company*, 754 S.W.2d 16, 18 (Mo.App.1988). *Wilson*, 479 S.W.2d 159 at 162. Here, the "concealment and fraud" clause in the insurance policy is plain, and Instructions No. 6, No. 7, and the verdict form properly stated the factual issue for the jury.

■■■ The jury instructions in question are set out below:

Jury Instruction Number 6 states:

Your verdict must be for Plaintiffs if you believe:

First, Defendant issued its policy to Plaintiffs on 9917 Linn, St. Louis County, Missouri, and its contents, covering loss due to fire,

Second, such property was damaged by fire, and

Third, the policy was in force on the date of such loss,

Unless you find the Plaintiffs are not entitled to recover by reason of Instruction Number 7 or Instruction Number 8.

Jury Instruction Number 7 states:

Your verdict must be for defendant State Farm if you believe that either or both plaintiffs intentionally concealed or misrepresented any material fact or circumstance relating to the damages sustained in the fire loss.

The verdict form states:

Note: Complete this form by writing in the name required by your verdict.

On the claim of Plaintiffs Ellis Childers and Loretta Rankin for insurance benefits and interest against Defendant, we, the undersigned jurors, find in favor of:

(Plaintiffs Ellis Childers and Loretta Rankin) or (Defendant State Farm Fire & Casualty Company)

> Note: Complete the following paragraph only if your verdict is in favor of Plaintiffs Ellis Childers and Loretta Rankin.
>
> We, the undersigned jurors, assess the damages of Plaintiffs Ellis Childers and Loretta Rankin as follows:
>
> On the policy $____ (stating the amount).
>
> Note: All jurors who agree to the above findings must sign below.

————————    ————————

The insurance provision pertaining to the jury instructions provides: "Concealment or Fraud: This entire policy shall be void if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance." [Exhibit 1, p. 15]. The policy provision unambiguously declares that appellants' rights are jointly rather than severally held. By stating that the entire policy is void when *any* insured intentionally conceals a material fact or circumstance, the insurance contract clearly makes either appellants' recovery contingent upon the others conduct. Here, the insured dwelling belonged to both appellants and they were jointly insured under the State Farm policy. The property involved constituted their marital dwelling at 9917 Linn, until appellants separated two months prior to the fire. After the fire, the appellants acted jointly in signing and submitting proof of loss to State Farm. Under these facts, it is reasonably inferable that appellants' acts were part of a joint undertaking to commit fraud as to losses actually incurred in the fire.

■ Under Missouri case law a misrepresentation as to a portion of the loss may void coverage to the entire claim.[1] *Galvan v. Cameron Mutual Insurance*, 733 S.W.2d 771, 773 (Mo.App.1987). *Home Insurance Company v. Hardin*, 528 S.W.2d 723, 725 (Ky.App.1975). Rankin prepared a personal property inventory list including household items she knew were taken out of the dwelling prior to the fire. Childers supplied a list of items to Rankin and this list included items he knew had not been destroyed in the fire. Also, Childers acquiesced in Rankin's fraud by signing the sworn proof of loss that included items known to both appellants to have not been damaged in the fire. Both parties violated the terms of the insurance policy by making a fraudulent claim of lost property destroyed by the fire. Therefore, the trial court did not err in giving the instructions.

Nonetheless, appellants argue that both the insurance provision and the jury instruction are invalid and are contrary to public policy. Appellants believe the law of this state should allow the rule permitting an innocent co-insured to recover. This court recognizes that in *Haynes v. Hanover Insurance Companies*, 783 F.2d 136, 138 (8th Circuit 1986), the 8th Circuit expressed the view Missouri would permit an innocent co-insured to recover for damages resulting from a co-insured's arson.[2] However, the Missouri Supreme Court has never determined this issue, and the Missouri Court of Appeals tends to support the view that an innocent spouse may not recover. *Wilson*, 479 S.W.2d 159 at 161. *See also* 44 J.Mo.Bar, 79 at 84. Nevertheless, even if the trial court had given the innocent co-insured instruction requested by appellants it would have been unavailing on the facts here. Neither appellant could be an innocent co-insured because both appellants violated their insurance contract by submit-

1. It is not necessary for the court to make any determination whether either one or both of appellants had any connection with the alleged arson, because we decide this case solely on the basis of misrepresentation in the contract claim.

2. We recognize that many states do in fact permit innocent co-insureds to recover. *Mercantile Trust Co. v. New York Underwriters Insurance Co.*, 376 F.2d 502 (7th Cir.1967); *Hosey v. Seibels Bruce Group, South Carolina Insurance Co.*, 363 So.2d 751 (Ala.1978); *Ryan v. MFA Mutual Insurance Co.*, 610 S.W.2d 428 (Tenn.App.1980). Given our reading of the record on the issue of fraud we do not have to decide whether to adopt this rule of law. As we have already noted, we also do not have to reach the question raised by the insurance company's second defense whether the dwelling was damaged as the result of arson through the design or procurement of one or both of the plaintiffs.

ting fraudulent claims to State Farm and thus both are precluded from recovery upon this theory.

■ Appellants also allege on appeal that the trial court erred in giving Instruction No. 7 for the reason that there is no evidence to support it. Instruction No. 7 states: "Your verdict must be for defendant State Farm if you believe that either or both plaintiffs intentionally concealed or misrepresented any material fact or circumstance relating to the damage sustained in the fire loss." Instructions to a jury must be supported by evidence from which the jury could reasonably determine the issues submitted in the instructions. *Wilkes v. Group Underwriters Mutual,* 715 S.W.2d 308 (Mo.App.1986). *Standard Leasing Corporation v. Missouri Rock Company, Inc.,* 693 S.W.2d 232, 236 (Mo. App.1985). In determining whether an instruction should have been given or withheld based on the evidence presented at trial, the appellate court views all evidence in the light most favorable to submission of the instruction. *Standard,* 693 S.W.2d 232 at 236. To constitute reversible error, a mistaken instruction must have prejudiced the party challenging the mistake. *Yoos v. Jewish Hospital,* 645 S.W.2d 177, 189 (Mo. App.1982). The record supports submission of the material misrepresentation of fact proof of loss instruction.

On appeal appellants raise two additional points. Point II alleges the trial court erred by allowing into evidence opinions and conclusions contained in a St. Louis County Police Department report as to the arson in that State Farm failed to qualify as experts those giving the opinions and conclusions. Since we resolve this case solely on the ground of the insurance company's first defense of misrepresentation of material fact in the proof of loss we need not address appellants' second claim of error.

■ Point III alleges the trial court erred by allowing into evidence the deposition of Debra Horton for the reason that the statements were hearsay due to State Farm's failure to properly lay a foundation for its admission under Rule 57.07(a)(3)(G) of the Missouri Supreme Court Rules of Civil Procedure.

The transcript reveals State Farm sought to have the deposition of Horton read into evidence. The appellants objected for failure to lay a proper foundation for the admissibility claiming that State Farm failed to establish that it "really attempted" to have the witness present at trial. The court file revealed that a St. Louis County Deputy Sheriff attempted to serve a subpoena upon the witness to appear for trial without success and made a non est return. The trial court determined that the deputy had made a diligent search and overruled appellants' objection.[3] We have held that the admission of a deposition rests largely within the discretion of the trial court. *Jenni v. E.R.B. Land, Inc.,* 541 S.W.2d 743, 752 (Mo.App.1976).

We conclude that the court did not err and appellants' point III is without merit.

CRANDALL and KAROHL, JJ., concur.

---

3. The legal file also reveals that appellant Childers attempted to serve the witness by subpoena.

After three attempts by the deputy sheriff the subpoena was returned non est.