**COLUMBIA MUTUAL INSURANCE CO.,**
a corporation, Plaintiff–Respondent,

v.

**Dean MARTIN, Defendant,**

and

**Lois Martin, Defendant–Appellant.**

No. 19770.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 1, 1995.

Motion for Rehearing and Transfer to Supreme Court Denied Nov. 27, 1995.

Application to Transfer Denied
Jan. 23, 1996.

Richard P. Edgington, Pelts, McMullan & Edgington, Kennett, for appellant.

Wendell W. Crow, Crow, Reynolds, Preyer, Shetley, & McVey, Kennett, for respondent.

PREWITT, Presiding Judge.

Declaratory judgment action in which summary judgment was entered declaring a policy issued by Plaintiff void because of "false and material misrepresentations" in the application for insurance by Defendant Dean Martin and the intentional burning of the premises by him.

■ On appeal from summary judgment, an appellate court reviews the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Fin. Corp. v. Mid–Am Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993).

Defendant–Appellant Lois Martin was married to Defendant Dean Martin until November 23, 1993. While married, the Martins owned a home near Kennett, Missouri. In March of 1991, Dean Martin signed and submitted an application for insurance with an agent of Plaintiff. He had extensive criminal violations and other encounters with law enforcement agencies, and Appellant had several prior fire losses of which Mr. Martin was aware. Although the application called for such information, none of it was included. On August 29, 1991, the house was destroyed by fire. Dean Martin entered a plea of guilty to arson concerning the burning of the house and was placed on four years' probation. Approximately a month before the fire, Appellant had moved out of the house. When their marriage was dissolved she was awarded all interest in the proceeds of this lawsuit.

Defendant Lois Martin does not deny that the intentional burning and misrepresentations by Defendant Dean Martin occurred. She contends there should be coverage as to her because she did not commit fraud, and "there was no acquiescence by Lois Martin in Mr. Martin's fraud in that she never signed the insurance application." Above the signature line the application stated:

The Proposed Insured covenants that the information on this application is true, complete and correct based on his/her records, knowledge, and belief. The Proposed Insured agrees that this application shall constitute a part of any policy issued whether attached or not and that any willful concealment or misrepresentation of a material fact or circumstance shall void any policy issued.

The insurance policy contained a provision under the "Conditions" section, stating:

2. *Concealment or Fraud.* The entire policy will be void if, whether before or after a loss, an insured has:

a. intentionally concealed or misrepresented any material fact or circumstance;

b. engaged in fraudulent conduct; or

c. made false statements,

relating to this insurance."

The Eastern District of this Court, in *Childers v. State Farm Fire & Cas. Co.,* 799 S.W.2d 138 (Mo.App.1990), and the Eighth Circuit Court of Appeals, applying Missouri law, in *Amick v. State Farm Fire & Cas. Co.,* 862 F.2d 704 (8th Cir.1988), considered policies including clauses making the policies void for misrepresentation of "any" insured. Both cases indicate a policy is void for the fraudulent actions of one of the insureds.

Defendant Lois Martin seeks to distinguish these cases, stating in her brief:

The policy provisions in *Amick* and *Childers* state that the policy will be void if *any* insured violates the provision. However, the policy provision in question here only provides that the policy will be void when *an* insured violates the provision. Clearly, this language does not make either insureds' recovery contingent upon the other's conduct. The term "an insured" is specific. It does not apply the policy provision to all insureds generally. Thus, the policy should be void as to the insured who caused the loss sought to be recovered under the policy.

Lois Martin also contends that the "better view to take was stated in *Haynes v. Hanover Ins. Companies,* 783 F.2d 136 (8th Cir. 1986)." *Haynes* appears to be contrary to *Amick,* or at least to contain language to that effect. *Amick* does not cite nor discuss *Haynes.*

After noting a split of authority on whether misconduct by one insured voids the policy as to an innocent co-insured, and the absence of a decision by Missouri courts on the issue, the *Haynes* court stated at 783 F.2d at 138:

We think the better view and the position more likely to be adopted by the courts of Missouri when the question is addressed is expressed in the latter line of authority permitting recovery by an innocent co-insured. These decisions reason that a rule which would impute the wrongful acts of one insured to a co-insured spouse merely because of the marital relationship is outdated and unduly harsh. With respect to a fire insurance policy covering the interests of more than one insured, each would have a reasonable ex-

**642**

pectation that the carrier had undertaken a severable and distinct obligation as to the insureds' respective individual interests in the property. Absent contractual provisions to the contrary, such expectations should be honored. Therefore, misconduct voids only the wrongdoer's interest in the insurance policy and does not operate to defeat the separate interests of an innocent co-insured.

The contract language denying "coverage for any insured who has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance," does not dictate a contrary result.

*Amick,* later decided by a different panel, also noted that there was not a Missouri case determining the effect upon an innocent co-insured when another insured commits fraud. *Amick* concluded at 862 F.2d at 706:

> The key factor is whether the policy provision barring recovery by innocent co-insureds is clear and unambiguous. The State Farm insurance policy unambiguously denied recovery to "you and any other insured" in the event "you or any other insured" commit fraud or misrepresent material facts.

*Amick* determined that an instruction "that an innocent co-insured could not recover if any other insured had committed fraud or misrepresented any material fact" was proper and affirmed the judgment for defendant insurance company. In *Haynes* and here, the insured were husband and wife. That was not true in *Amick*. *Childers* involved a house which had been plaintiffs' marital home until they separated two months prior to the fire. *Childers,* 799 S.W.2d at 141. It is not argued that the relationship of the insureds should affect the result.

In *Russell v. Farmers & Merchants Ins., Co.,* 834 S.W.2d 209, 222 (Mo.App.1992), this District discussed *Haynes* and the validity of its prediction on Missouri law questioned in *Childers.* The opinion in *Russell,* however, said, "Whether the innocent co-insured doctrine should be adopted in this state is not the issue before us, and we offer no opinion on whether it should be." *Id.*

Here, we do not rule upon nor discuss the effect of a co-insured intentionally damaging the property without the assistance or acquiescence of a co-insured. We only rule regarding the effect of material misrepresentations in the application.

We fail to see any distinction between the action of "an" insured and "any" insured. In either event, the policy provides that it is void. There is no dispute that the policy would not have been issued had the true facts been known. The actions of Defendant Dean Martin voided the policy from its inception. As there was no valid policy, there would be no coverage for either insured.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.