4 F.Supp.2d 868 (1998)
EMPLOYERS MUTUAL CASUALTY COMPANY, Plaintiff,
v.
Steve TAVERNARO and Tiffany Tavernaro d/b/a Joseph's Corner, Defendants.
No. 2:95CV00110 ERW.
United States District Court, E.D. Missouri, Northern Division.
March 26, 1998.
Robert W. Cockerham, Senior Associate, Brown and James, P.C., St. Louis, MO, for Plaintiff.
H. Kent Desselle, Desselle Law Office, P.C., Independence, MO, for Defendants.

MEMORANDUM AND ORDER
WEBBER, District Judge.
This matter is before the Court on plaintiff's motion for summary judgment [document # 45].
*869 Plaintiff Employers Mutual Casualty Company ("Employers Mutual") brought this cause against defendants Steve Tavernaro and Tiffany Tavernaro, seeking declaratory judgment. Specifically, plaintiff is requesting that the Court declare the rights of the parties under an insurance policy issued by plaintiff and to enter judgment finding, adjudicating, and declaring that said policy became null and void due to one or both of the defendants' concealment and misrepresentations and is therefore rescinded; that Steve Tavernaro was responsible for the fire that occurred on February 13, 1995 at the insured premises thereby voiding coverage under the policy; that defendants' claim is excluded pursuant to the terms of the policy; that no coverage exists under said policy of insurance; that plaintiff is not in any manner liable to defendants under said policy for the claim made by the defendants, or for any proceeds under said policy of insurance; and for recoupment of, or set off for, the $38,000 paid to mortgagee, MCM Savings Bank, on behalf of defendants. Plaintiff now moves for summary judgment.

I. Standard
The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir.1988)(moving party has the burden of clearly establishing the non-existence of any genuine issue of fact material to a judgment in its favor). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir.1984).
Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R.Civ.P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
When evaluating a motion for summary judgment, the Court must view the facts in the light most favorable to the party against whom the motion is directed, giving such party the benefit of all reasonable inferences to be drawn from the facts. Portis v. Folk Constr. Co., 694 F.2d 520, 522 (8th Cir.1982). With these principles in mind, the Court now turns to an examination of the facts.

II. Facts
Plaintiffs issued a business owners property insurance policy to defendants that was effective from January 6, 1995 through January 6, 1996. Steve and Tiffany Tavernaro are named insured on the declaration page. On February 13, 1995, a fire occurred at 400 Mark Twain Avenue, Hannibal, Missouri, the property insured by the policy. On or about February 15, 1995, Steve Tavernaro confessed to intentionally setting the fire. On or about July 14, 1995, in his examination under oath, Steve Tavernaro allegedly testified that he did not know what had caused the fire. Subsequently, Steve Tavernaro plead guilty to Second Degree Arson and is currently imprisoned. Defendants submitted Sworn Proofs of Loss with plaintiff for one hundred and sixty thousand dollars for the building and eleven thousand three hundred and fourteen dollars and forty cents for the contents. As a result of the fire loss, plaintiff paid $38,000 on behalf of defendants to MCM Savings Bank, the mortgagee listed on the policy.

III. Discussion
Plaintiff argues that under the clear and unambiguous language of the policy, there is *870 no coverage. Defendant Steve Tavernaro caused the loss at issue by the commission of a criminal act; arson. Furthermore, Steve Tavernaro concealed and misrepresented material facts concerning the policy and claim in question when he testified under oath that he did not set the fire and did not know what caused the fire to the property. Therefore, plaintiff contends that according to the unambiguous terms of the policy, there is no coverage and plaintiff is entitled to judgment as a matter of law.
Plaintiff further argues that defendant is precluded from raising the "innocent spouse" or "innocent co-insured" doctrine because it is not recognized by either the Missouri Supreme Court or the Eighth Circuit.
Defendant responds that defendant Tiffany Tavernaro is an innocent spouse or co-insured, and that although the doctrine has never been directly dealt with by the Missouri Supreme Court, the Eighth Circuit has indicated that it believes the better view is to permit recovery by an innocent co-insured. See Haynes v. Hanover Ins. Companies, 783 F.2d 136, 138 (8th Cir.1986).
In Amick v. State Farm Fire and Cas. Co., 862 F.2d 704, 706 (8th Cir.1988), the Court stated that it did not find any Missouri statutes or cases prohibiting insurers from barring recovery by innocent co-insureds if any other insured commits fraud in connection with a claim. The Court held that "the key fact is whether the policy provision barring recovery by innocent co-insureds is clear and unambiguous." Id. The language at issue in Amick denied recovery to "`you and any other insured' in the event `you or any other insured' commit fraud or misrepresent material facts." Id. The Court found the language to be unambiguous and affirmed the district court's decision which barred recovery by the innocent co-insured. Likewise, the language at issue here is unambiguous and bars Tiffany Tavernaro's recovery under the policy. There are two provisions which preclude recovery by defendant. First, the policy states "[w]e will not pay for loss or damage caused by or resulting from any of the following: ... Dishonest or criminal act by you, any of your partners, employees, directors, trustees, authorized representatives or anyone to whom you entrust property for any purpose ...." The record establishes that Steve and Tiffany were partners in the business which operated at the premises called Joseph's Corner. Since Steve committed the criminal act of arson, recovery by either insured is clearly prohibited under the above-referenced language of the policy. Second, the policy also provides "[t]his policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning: 1. This policy; 2. The Covered Property; 3. Your interest in the Covered Property; or 4. A claim under this policy." Again, the language clearly precludes recovery by either party in this case. Steve Tavernaro lied to plaintiff while under oath regarding his involvement in setting the fire. Whether the fire was accidental or was set intentionally by one of the insured was undoubtedly a material fact concerning the policy and a claim under this policy as it determines whether or not the claim will be paid.
Furthermore, Haynes, which was cited by defendant, supports a finding that Tiffany Tavernaro is barred from recovery. Although the Court expressed its favor for a rule permitting recovery by an innocent coinsured, the Court also provided
[w]ith respect to a fire insurance policy covering the interests of more than one insured, each would have a reasonable expectation that the carrier had undertaken a severable and distinct obligation as to the insureds' respective individual interest in the property. Absent contractual provisions to the contrary, such expectations should be honored.
Haynes, 783 F.2d at 138 (emphasis added). Thus, Haynes is reconcilable with Amick in that both provide that an innocent co-insured is barred by a co-insured's violation of a provision of the policy if the policy so provides. Moreover, in Childers v. State Farm Fire & Cas. Co., 799 S.W.2d 138, 141 (Mo. App.1990), the Court clearly expressed its tendency to support the view that an innocent spouse may not recover.
*871 Tiffany Tavernaro also cites DePalma v. Bates County Mutual Ins. Co., 923 S.W.2d 385 (Mo.App. W.D.1996) as supporting her argument that even if the Court finds that the "innocent spouse" or "innocent coinsured" doctrine is not followed in Missouri, she still is entitled to recovery because plaintiff has only established that an arson occurred, not fraud. The Court chooses not to entertain defendant's argument regarding plaintiff's failure to establish fraud because the above-referenced language regarding fraud does not require that fraud be proven before the policy can be considered void. The language "[i]t is also void if ..." clearly indicates that fraud or intentional concealment or misrepresentation of a material fact may void a policy. Here, plaintiff asserts that Steve Tavernaro concealed his involvement in setting the fire when he lied under oath. Therefore, the Court finds that Steve Tavernaro violated this provision and the policy is void. Furthermore, the Court not only rests its finding that the policy is void solely on the violation of the fraud/concealment/misrepresentation provision, but also finds the policy to be void based on Steve Tavernaro's criminal act of committing arson upon the insured premises. Therefore, the Court considers defendant's argument irrelevant. This argument is resolved against defendants.
Plaintiff also contends that no genuine dispute exists that plaintiff paid MCM Savings Bank $38,000 pursuant to the mortgagee provisions of the policy, and that plaintiff is entitled to restitution in that amount because defendant Tiffany has been unjustly enriched. Plaintiff asserts that the payment made by plaintiff to MCM was applied directly to pay the Tavernaros' mortgage held by MCM and owed by the Tavernaroses to MCM. Therefore, plaintiff argues that the Tavernaroses, who are entitled to no benefit under the insurance policy, have received the benefit of $38,000 by avoiding their outstanding debt owed to MCM. Defendant does not address plaintiff's argument regarding this matter.
A clause in an insurance policy providing coverage for a mortgagee cannot be defeated by the independent act of the mortgagor. See Auto-Owners Mut. Ins. Co. v. Newman, 851 S.W.2d 22, 26 (Mo.App. W.D.1993). Here, the policy contained a provision similar to the one upheld in Auto-Owners which allowed payment to the mortgagee for loss under the policy. Therefore, plaintiff's payment to MCM was proper. However, Auto-Owners also provides
Generally, if the mortgagee recovers under the policy, the monies received by the mortgagee inure to the benefit of the mortgagor. However, if the mortgagor has been denied coverage under the policy, monies received by the mortgagee do not inure to the benefit of the mortgagor and thus, the mortgagor will not be entitled to an offset for monies paid to the mortgagee.
Id. at 27.
Here, the Court has already established that the policy became void because of Steve Tavernaro's violation of certain provisions in the policy. Therefore, pursuant to the above-referenced language, Tiffany Tavernaros is not entitled to a set off for the amount paid to MCM. Once the movant meets it burden of demonstrating a lack of genuine issues of material fact, the plaintiff is required to "designate specific facts creating a triable controversy." Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir.1996). Therefore, due to defendants' failure to respond regarding plaintiff's claim for restitution, the Court finds that plaintiff is entitled to judgment as a matter of law, and that plaintiff is entitled to any monies paid to MCM that were applied to the mortgage.
Based upon the Court's finding that Steve Tavernaro's conduct voided the policy, that Tiffany Tavernaro is thereby precluded from recovering under the policy, and that plaintiff is entitled to restitution for monies paid to MCM, the Court finds that plaintiff has carried its burden of establishing that no genuine issue of material fact exists in regard to its claims, and that plaintiff's motion for summary judgment will be granted.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion for summary judgment [document # 36 and 45] is GRANTED.
*872 IT IS FURTHER ORDERED that plaintiff is granted leave to submit evidence to the Court for attorney fees, expenses and costs expended.