_____

No. 95-3989
_____

Elsie Marie Mayard,                    *
                                       *
            Appellant,                 *
                                       *
      v.                               *
                                       *
Tamara Joy Hopwood; Kernie Beam        *   Appeal from the United States
Miller; Terry Hyde,                    *   District Court for the
                                       *   District of Minnesota.
            Defendants,                *
                                       *
Dennis Meyer; John Wright;             *
Karsten Winger,                        *
                                       *
            Appellees.                 *

_____

          Submitted:  October 23, 1996

              Filed:  January 30, 1997
_____

Before MAGILL, BRIGHT, and MURPHY, Circuit Judges.

_____

MAGILL, Circuit Judge.

      Elsie Mayard brought this 42 U.S.C. § 1983 action against officers
of the St. Paul, Minnesota, police department.  Mayard sought damages for
the alleged use of excessive force.  The district court granted summary
judgment to the police officers, and Mayard appeals.  Mayard argues that
the district court erred in granting summary judgment to the officers based
on her failure to

prove actual injury or the use of unreasonable force.[1]  We affirm in part and reverse in part.

## I.

Elsie Mayard attempted to open a liquor store in St. Paul, Minnesota, in June 1992.  Pursuant to state law, the city of St. Paul denied Mayard a liquor license because she was a nonresident alien, see Minn. Stat. § 340A.402 (1992), and Mayard was warned by the police not to attempt to sell liquor without a license.  Mayard's attorney subsequently attempted to negotiate with the city to allow Mayard to open a liquor store.

On June 10, 1992, Mayard sold liquor to an undercover police officer. The police returned later that day to issue Mayard a citation for selling liquor without a license.  Although the police did not intend to arrest Mayard at that time, Mayard became very upset, shouting and screaming at the police.  Mayard's attorney arrived at the scene and attempted to calm her, but was unable to do so.  She became extremely agitated when the officers began removing her inventory as evidence.  She moved about the store and activated a very loud alarm system.

At this point, the officer in charge, Sergeant Joseph Neubergor, directed Officers Dennis Meyer, John Wright, and Karsten Jeffery Winger to arrest Mayard.  The officers took Mayard by the arms and escorted her out of the store to a squad car.  She began

---

[1]Mayard also argues that the district court erred (1) by failing to find a Fourth Amendment violation when the police entered the nonpublic areas of Mayard's store and removed evidence and (2) by applying the reasonableness standard in a Fourth Amendment case when no warrant was obtained.  Because these claims were not properly raised before the district court, we decline to consider them for the first time on appeal.  See Renfor v. Swift Eckrich, Inc., 53 F.3d 1460, 1464 (8th Cir. 1995) (this Court ordinarily will not consider issues raised for the first time on appeal unless exceptional circumstances exist).

to struggle with them, attempting to pull away, and the officers handcuffed her.  Because Mayard refused to get into the squad car, the officers picked her up and put her face down on the rear seat.  Once in the car, she began kicking, hitting an officer.  The officers responded by placing a hobble restraint on her.  A hobble restraint is a nylon rope placed around the legs that tightens when the detainee struggles.

Mayard was then transported by Officer Meyer to police headquarters. It is during this trip that Mayard alleges that Meyer slapped her in the face, punched her in the chest, and used a racial epithet.  Mayard states in her affidavit: "[W]hile I was in the car alone with Officer Meyer [sic] he inflicted both physical and injury on me by slapping me in the face twice, by punching me in my upper chest and [by] telling me 'Shut up, nigger, I've got to drive.'"  Appellant's App. at A7, ¶ 26.  Upon arriving at police headquarters, Officer Meyer noted that Mayard was foaming at the mouth and grinding her teeth.  Paramedics were summoned to transfer her to Ramsey Medical Center.

At the hospital, Mayard was examined and treated for a seizure and severe anemia.  She was not treated for any physical trauma.  Following three days of observation, doctors placed her on a 72-hour psychiatric hold.

On January 15, 1993, a jury convicted Mayard of the illegal sale of alcohol.  The Minnesota Court of Appeals affirmed.  In June 1994, Mayard brought this § 1983 action against the arresting officers.  Discovery was completed, and Officers Meyer, Wright, and  Winger were granted summary judgment on the basis of qualified immunity.  Mayard appeals.

## II.

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. See Disesa v. St. Louis Community College, 79 F.3d 92, 94 (8th Cir. 1996). "We will affirm the decision if, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Zakrzewski v. Fox, 87 F.3d 1011, 1012 (8th Cir. 1996) (citing Fed. R. Civ. P. 56(c); Landreth v. First Nat'l Bank of Cleburne County, 45 F.3d 267, 268 (8th Cir. 1995)). Summary judgment is appropriate against a party who has the burden of proof at trial and has failed to make a sufficient showing to establish the existence of an element essential to her case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

For Mayard to state a claim under § 1983, she must "allege the violation of a right secured by the Constitution and laws of the United States . . . ." West v. Atkins, 487 U.S. 42, 48 (1988). Specifically, Mayard's excessive force claim must allege that the defendants violated her Fourth Amendment rights. Graham v. Connor, 490 U.S. 386, 394 (1989). An officer's conduct is evaluated under an objective reasonableness standard. Id. at 395; Greiner v. City of Champlin, 27 F.3d 1346, 1354 (8th Cir. 1994) ("Claims that law enforcement officers used excessive force in making an arrest are analyzed under the Fourth Amendment, and the test is whether the amount of force used was objectively reasonable under the particular circumstances.").

Viewing the evidence in the light most favorable to Mayard, we conclude that the force used to take Mayard into custody and place her in the squad car was objectively reasonable. This is particularly true in light of Mayard's resistance. See Foster v. Metropolitan Airports Comm'n, 914 F.2d 1076, 1082 (8th Cir. 1990). Without the requisite showing of a constitutional violation,

-4-

summary judgment is proper because Mayard has failed to establish the existence of an essential element of her case.

However, accepting Mayard's account of her treatment by Officer Meyer while being transported to police headquarters, the force allegedly used against Mayard by Officer Meyer while she was handcuffed and hobbled in the rear of the squad car was not objectively reasonable. Thus, Mayard's and Officer Meyer's conflicting accounts of events result in an issue of material fact making summary judgment inappropriate. See Zakrzewski, 87 F.3d at 1012.

Respectfully, we cannot agree with the district court's finding that Mayard has failed to establish the existence of an essential element of her case by not demonstrating any injury that rises to the level of a constitutional injury. See Mem. Op. at 9. Although "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment," Graham, 490 U.S. at 396 (quotations and citation omitted), a police officer's slapping in the face and punching in the chest a handcuffed and hobbled prisoner while using a racial epithet are actions that result in a cognizable constitutional injury. These actions are of such a nature that we find that a constitutional injury is presumed to flow from the wrong itself. See Herrera v. Valentine, 653 F.2d 1220, 1228 (8th Cir. 1981) (presumed damages are allowed when substantive constitutional rights have been violated); cf. Dawkins v. Graham, 50 F.3d 532, 535 (8th Cir. 1995) ("We have not decided whether a plaintiff bringing a Fourth Amendment excessive force claim must suffer some minimum level of injury. . . . Assuming without deciding that the [plaintiff] must have suffered some minimum level of injury to proceed with their Fourth Amendment excessive force claim, we conclude the necessary level of injury is actual injury.").

**III.**


Accordingly, we affirm in part and reverse in part.  The district court's grant of summary judgment to John Wright, Karsten Winger, and Dennis Meyer on Mayard's claim of excessive force while being taken into custody and placed in the squad car is affirmed.  Only the district court's grant of summary judgment to Dennis Meyer on Mayard's claim of excessive force while transporting her to police headquarters is reversed.  The case is remanded to the district court for further proceedings.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.