# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-1024

_____

Shelby Harris,                              *
                                            *
          Appellant,                        *
                                            *   Appeal from the United States
     v.                                     *   District Court for the
                                            *   Western District of Missouri.
Kathleen Krupp; C. Kirsh,                   *
                                            *          [UNPUBLISHED]
          Appellees.                        *


_____

Submitted:  March 26, 1997

Filed:  March 31, 1997
_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
_____

PER CURIAM.


     Shelby Harris, a Missouri inmate, appeals the district court's[1] grant
of summary judgment for defendants in this 42 U.S.C. § 1983 action.  As
relevant to this appeal, Harris--who is African American--claimed
defendants violated his right to equal protection by requiring him to
remain assigned to a job in food service for ninety days following his
termination from a prison law clerk job, while white inmates assigned to
food service after him were reassigned to clerical positions sooner.

_____

     [1]The Honorable William A. Knox, United States Magistrate Judge
for the Western District of Missouri, to whom the case was referred
for final disposition by consent of the parties pursuant to 28
U.S.C. § 636(c).

Following de novo review, and viewing the evidence in the light most favorable to Harris, we conclude he has failed to demonstrate an equal protection violation, as the white inmates were not similarly situated; unlike Harris, the inmates Harris compares himself with had not been twice fired from clerk jobs for abusing their positions.  See Mayard v. Hopwood, 105 F.3d 1226,  1227-28 (8th Cir. 1997) (standard of review); Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir. 1994) (for equal protection claim, plaintiff must allege different treatment of similarly situated individuals), cert. denied, 115 S. Ct. 1177 (1995); Abdullah v. Gunter, 949 F.2d 1032, 1037 (8th Cir. 1991) (same), cert. denied, 504 U.S. 930 (1992).  In making this decision, we disregard facts and evidence not presented to the district court.  See Davis v. Francis Howell Sch. Dist., 104 F.3d 204, 206 n.3 (8th Cir. 1997).

Further, we decline Harris's invitation to revisit our previous decision in Harris v. Higgins, No. 93-3834 (8th Cir. Nov. 10, 1994) (unpublished per curiam).  See United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995) (when appellate court remands case to district court, all issues decided by appellate court become law of the case).  Because there is no right to effective assistance of counsel in a section 1983 proceeding, see Cole v. Nebraska State Bd. of Parole, 997 F.2d 442, 444 (8th Cir. 1993), and because Harris did not move to amend his complaint, we find Harris's remaining arguments meritless.

Accordingly, we affirm the judgment of the district court.  Harris's motion for legal materials is denied.

A true copy.

        Attest:

                CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-