United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-2174

| | | |
|---|---|---|
| Pat Pannell, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Barry Miller, Individually and in | * | Eastern District of Arkansas. |
| Official Capacity as Blytheville Police | * | |
| Officer, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 7, 1997
Filed: November 19, 1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

In this interlocutory appeal, Blytheville, Arkansas Police Officer Barry Miller appeals the district court's[1] denial of summary judgment based on qualified immunity in Pat Pannell's 42 U.S.C. § 1983 action. We affirm.

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

For purposes of summary judgment, Miller concedes the following facts are true. On February 16, 1996, Miller responded to a call regarding Pannell's dogs. In arresting Pannell for disorderly conduct and harassment, Miller shoved Pannell inside the police car with her hands cuffed behind her back, and took her to the police station. When the two arrived at the station and Miller removed the handcuffs, Pannell struck Miller on his chest with her right hand. Miller then hit Pannell in the face, causing redness and swelling, for which Pannell was treated by a doctor.

In an appeal from the denial of a motion for summary judgment based on qualified immunity, this court has jurisdiction to review, de novo, the abstract issues of law relating to the existence of qualified immunity. See Sisneros v. Nix, 95 F.3d 749, 753 (8th Cir. 1996) (standard of review); Eagle v. Morgan, 88 F.3d 620, 624 (8th Cir. 1996). Examining the conduct that the district court deemed adequately supported for purposes of summary judgment, see Allison v. Department of Corrections, 94 F.3d 494, 496 (8th Cir. 1996), this court must determine whether a reasonable official in defendant's position would have known that his conduct violated that right, see Heidemann v. Rother, 84 F.3d 1021, 1027-28 (8th Cir. 1996); Sellers v. Baer, 28 F.3d 895, 899 (8th Cir. 1994), cert. denied, 513 U.S. 1084 (1995).

We conclude the district court correctly rejected Miller's defense of qualified immunity because under Pannell's version of the facts, she was arrested for a minor offense, posed no immediate safety threat to Miller, and was already detained at the police station. Thus, it was objectively unreasonable for Miller to hit her in the face with enough force to cause injury. See Graham v. Connor, 490 U.S. 386, 396 (1989) (excessive-force claims involving arrestees analyzed under Fourth Amendment "objective reasonableness" standard, judged by reasonable officer on scene; analysis involves consideration of facts and circumstances, including crime at issue, whether suspect posed immediate safety threat to officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight); cf. Mayard v. Hopwood, 105 F.3d 1226, 1227-28 (8th Cir. 1997) (reversing grant of summary judgment to officer

on qualified immunity grounds on claim of excessive force where plaintiff alleged she had been slapped in face and punched in chest while being transported to police headquarters in handcuffs; lack of serious injury not dispositive).

Accordingly, we affirm.[2]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]We do not address Miller's appeal of the district court's denial of summary judgment on Pannell's state law claim as it is not properly before us. See Smith v. Arkansas Dep't of Correction, 103 F.3d 637, 649-50 (8th Cir. 1996).