21 F.Supp.2d 1039 (1998)
EMPLOYERS MUTUAL CASUALTY COMPANY, Plaintiff,
v.
Steven TAVERNARO and Tiffany Tavernaro d/b/a Joseph's Corner, Defendant.
No. 2:95CV00110 ERW.
United States District Court, E.D. Missouri, Northern Division.
May 29, 1998.
Robert W. Cockerham, Brown & James, P.C., St. Louis, MO, for plaintiff.
H. Kent Desselle, Desselle Law Office, P.C., Independence, MO, for defendant.

MEMORANDUM AND ORDER
WEBBER, District Judge.
This matter is before the Court on plaintiff's motion to recover fees and expenses [document # 55].
On March 26, 1998, the Court granted plaintiff's motion for summary judgment and entered judgment against defendants. Plaintiff now requests the Court order defendants to pay plaintiff $46,537.50 in attorneys' fees; $13,255.89 in expenses; and $4,409.08 in costs. On May 29, 1998, a hearing by telephone was held regarding this motion.
§ 527.100 RSMo provides that costs may be awarded in a declaratory judgment action. § 527.100 RSMo ("court may make such award of costs as may seem equitable and just"); Washington University v. Royal Crown Bottling Company of St. Louis, *1040 801 S.W.2d 458, 468 (Mo.App.1990). However, whether or not these costs include attorney's fees depends upon whether the circumstances of the case invoke the "Bernheimer exception" found in Bernheimer v. First National Bank of Kansas City, 359 Mo. 1119, 225 S.W.2d 745 (1949). Id. This exception limits the instances where attorney's fees are awarded pursuant to § 527.100 to those of "special circumstances." Id. One situation which the Missouri Supreme Court has recognized as sufficient to warrant an award of attorney's fees is fraud. See Miller v. Higgins, 452 S.W.2d 121, 125 (Mo.1970) ("A defrauded party may recover special damages necessarily incurred solely by reason of the fraud. Such expenditures may properly include the professional aid of an attorney to mitigate damages and avoid future losses"). In the Court's March 26, 1998 Order, the Court held that the policy at issue was void due to Steve Tavernaro's misrepresentations. The Court did not find Tiffany Tavernaro to be guilty of committing any fraud. Therefore, upon review of the record, and the arguments of counsel, the Court now makes the following rulings.
IT IS HEREBY ORDERED that defendant Steve Tavernaro pay plaintiff Employers Mutual Casualty Company $46,537.50 in attorney's fees.
IT IS FURTHER ORDERED that defendant Steve Tavernaro pay plaintiff Employers Mutual Casualty Company $13,255.89 in expenses.
IT IS FURTHER ORDERED that costs in the amount of $4,409.08 be taxed against defendants Steve and Tiffany Tavernaro.