# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2371

_____

Joe Louis Ealey,

        Appellant,

    v.

Dora Schriro; Paul Herman; Patricia
Churchill; Tim Kniest; Lisa Jones;
Dale Riley; George A. Lombardi;
Steve Long; Mike Groose; Tony
Gammon; Theresa Thornburg; Jim
Moore; Tom Anderson; American
Brands, Inc.; Liggett Group, Inc.;
Brooke Group, Inc.; Eve Holdings,
Inc.; RJR Nabisco Holdings
Corporation; Phillip Morris Cos.,
Inc.,

        Appellees.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Eastern District of Missouri.

[UNPUBLISHED]

_____

Submitted: February 21, 2000
Filed: March 2, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Joe Louis Ealey appeals from the District Court's[1] adverse grant of summary judgment on one of his 42 U.S.C. § 1983 (Supp. III 1997) claims, and the dismissal of his remaining claims without prejudice for failure to exhaust administrative remedies, as required under 42 U.S.C. § 1997e(a) (Supp. III 1997).

Ealey, an inmate at Moberly Correctional Center, filed a complaint alleging that defendants had repeatedly exposed him to environmental tobacco smoke (ETS), deliberately placed him with smoking cellmates over his objections, and failed to correct his ETS-related health problems and to enforce tobacco-related policies. Ealey had filed only one ETS-related grievance–involving his placement with a smoking cellmate in September 1995–which was administratively exhausted.

After conducting a de novo review of the record, see Mayard v. Hopwood, 105 F.3d 1226, 1227-28 (8th Cir. 1997), we conclude the District Court properly granted summary judgment on Ealey's claims surrounding the September 1995 incident, because Ealey was promptly separated from his cellmate and thereafter was housed only with non-smokers. See Weaver v. Clarke, 120 F.3d 852, 854 (8th Cir. 1997) (where defendants took action to house inmate in smoke-free cell and took reasonable steps to insure cellmate observed no-smoking rule, no deliberate indifference found), cert. denied, 522 U.S. 1098 (1998).

As to the exhaustion-of-remedies issue, section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Ealey alleges, and we must take as true for present purposes, that prison authorities threatened him with retaliation if he filed grievances. It thus may be that the facts

---

[1] The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

alleged by Ealey would make administrative remedies unavailable. Rather than wrestle with that issue, which is not without difficulty, we turn directly to the merits of Ealey's remaining claims. In doing so, we conclude that Ealey's complaints have either been adequately addressed by prison officials or are trivial. We thus reject these meritless section 1983 claims and direct the District Court to dismiss them with prejudice.

The judgment of the District Court is affirmed except insofar as the court dismissed Ealey's non-exhausted claims without prejudice. For the reasons stated, the dismissal of all of Ealey's claims shall be with prejudice. Ealey's motion for appointment of counsel is denied as moot.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.