# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2224

_____

| | | |
|---|---|---|
| Robert Wilson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| David Spain, Mike Jones, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 12, 2000
Filed: April 5, 2000

_____

Before BOWMAN, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Robert Wilson sued David Spain, a police officer, and Mike Jones, the former Chief of Police of Rogers, Arkansas, claiming that Wilson was injured in violation of his federal and state rights while in police custody. The District Court[1] granted summary judgment for the defendants and dismissed Wilson's complaint. We affirm.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

I.

The undisputed facts are as follows. Officer Spain, responding to a disturbance, arrested Wilson for public intoxication. Another officer, Stanley Cain, took Wilson to the local jail. Both officers were involved in booking Wilson, who was uncooperative and hostile throughout much of the process. Spain allowed Wilson to call his brother to request a ride home. After the brother arrived, however, the officers decided to keep Wilson in custody. Officer Spain placed Wilson against a wall and frisked him. Wilson resisted, attempting to elbow Spain, and Spain wrestled Wilson to the floor. Spain and Cain handcuffed Wilson, picked him up, and Spain then led Wilson into a holding cell.

Spain placed Wilson in the cell, shut the door, and placed a key into the latch to lock the door. Wilson was yelling and pounding on the door. Spain withdrew the key, paused for a moment, and then put the key back in the latch to unlock the door. Spain then pushed the door open, and the door hit Wilson, knocking him unconscious. Wilson was taken to the hospital shortly thereafter. A police department video camera captured most of these events on tape.

Wilson sued Spain under 42 U.S.C. § 1983 (Supp. III 1997), claiming that Spain, in his individual capacity, violated Wilson's Fourth and Fourteenth Amendment rights. Wilson named then-Chief of Police Mike Jones as an additional defendant and also brought a claim under Arkansas law. The Amended Complaint names Mike Jones as a defendant in his individual and official capacities, and the District Court construed the complaint as asserting a claim against Spain in both his official and individual capacities.

The District Court granted summary judgment for Spain, in his individual capacity, on the basis of qualified immunity. The District Court assumed, without determining, that there is a constitutional right to be free from excessive force while

detained by law enforcement officials and that the right has been clearly established. The District Court granted summary judgment, however, because after evaluating the evidence, especially the videotape, it determined there was no genuine issue of material fact as to whether Officer Spain should have known that his actions violated Wilson's right to be free from excessive force. The District Court also granted summary judgment for the defendants, on the merits, on Wilson's federal claims against Spain in his official capacity and against Jones in both his individual and official capacities. With all the federal claims gone, the District Court declined to exercise supplemental jurisdiction over Wilson's state-law claims, see 28 U.S.C. § 1367 (1994), a decision that Wilson does not challenge, and dismissed the complaint. This appeal followed.

II.

Section 1983 does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws of the United States. "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). "[T]he two primary sources of constitutional protection against physically abusive governmental conduct" are the Fourth and Eighth Amendments. Id. The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that "arise[] in the context of an arrest or investigatory stop of a free citizen," id., while the Eighth Amendment's ban on cruel and unusual punishment applies to excessive-force claims brought by convicted criminals serving their sentences. See Whitley v. Albers, 475 U.S. 312, 318-322 (1986).

Between arrest and sentencing lies something of a legal twilight zone. The Supreme Court has left open the question of how to analyze a claim concerning the use of excessive force by law enforcement "beyond the point at which arrest ends and

pretrial detention begins," <u>Graham</u>, 490 U.S. at 395 n.10, and the circuits are split.[2] This Court previously has applied the Fourth Amendment to situations very similar to this case. In <u>Moore v. Novak</u>, 146 F.3d 531 (8th Cir. 1998), law enforcement officers at a jail used force against an arrestee who was being violent and disruptive during the booking process. See <u>id.</u> at 532-33. We held that the district court appropriately applied Fourth Amendment standards to Moore's excessive-force claims. See <u>id.</u> at 535. Similarly, in <u>Mayard v. Hopwood</u>, 105 F.3d 1226 (8th Cir. 1997), we applied Fourth Amendment standards not only to the act of arrest, but also to use of force against an arrestee who was restrained in the back of a police car. See <u>id.</u> at 1228. We therefore shall use the Fourth Amendment to analyze Wilson's federal claims. In doing so, we observe that if Wilson cannot win his case under Fourth Amendment standards, it is a certainty he cannot win it under the seemingly more burdensome, and clearly no less burdensome, standards that must be met to establish a Fourteenth Amendment substantive due process claim. See <u>County of Sacramento v. Lewis</u>, 523 U.S. 833,

---

[2]Some circuits hold that after the act of arrest, substantive due process is the proper constitutional provision because the Fourth Amendment is no longer relevant. See <u>Riley v. Dorton</u>, 115 F.3d 1159, 1161-64 (4th Cir.) (en banc), <u>cert. denied</u>, 522 U.S. 1030 (1997); <u>Cottrel v. Caldwell</u>, 85 F.3d 1480, 1490 (11th Cir. 1996); <u>Wilkins v. May</u>, 872 F.2d 190, 192-95 (7th Cir.), <u>cert. denied</u>, 493 U.S. 1026 (1989). Other circuits hold that the Fourth Amendment applies until an individual arrested without a warrant appears before a neutral magistrate for arraignment or for a probable cause hearing, or until the arrestee leaves the joint or sole custody of the arresting officer or officers. See <u>Barrie v. Grand County</u>, 119 F.3d 862, 866 (10th Cir. 1997); <u>Pierce v. Multnomah County</u>, 76 F.3d 1032, 1042-43 (9th Cir.), <u>cert. denied</u>, 519 U.S. 1006 (1996); <u>Powell v. Gardner</u>, 891 F.2d 1039, 1044 (2d Cir. 1989); <u>McDowell v. Rogers</u>, 863 F.2d 1302, 1306-07 (6th Cir. 1988). The Fifth Circuit, while generally taking the position that substantive due process applies after the act of arrest, <u>see</u> <u>Valencia v. Wiggins</u>, 981 F.2d 1440, 1443-45 (5th Cir.), <u>cert. denied</u>, 509 U.S. 905 (1993), has concluded that the relevant constitutional provisions overlap and blur in certain factual contexts. See <u>Petta v. Rivera</u>, 143 F.3d 895, 910-914 (5th Cir. 1998) (noting that Fourth Amendment standards are sometimes used in analyzing claims technically governed by substantive due process).

845-54 (1998) (describing substantive due process inquiry as whether governmental conduct "shocks the conscience" in the circumstances); see also, e.g., Latta v. Keryte, 118 F.3d 693, 701-02 (10th Cir. 1997) (articulating more specific application of "shocks the conscience" standard in excessive-force context).

We review the District Court's grant of summary judgment de novo and may affirm on any basis supported by the record. See Brandt v. Davis, 191 F.3d 887, 891 (8th Cir. 1999). The evidence is viewed in the light most favorable to the plaintiff. See id. With regard to the claim against Spain in his individual capacity, the District Court's basis for summary judgment was qualified immunity. The linchpin of qualified immunity is the objective reasonableness of the officer's actions; objective reasonableness is also applied in analyzing the merits of Fourth Amendment excessive-force claims. See Nelson v. County of Wright, 162 F.3d 986, 989-90 & 990 n.5 (8th Cir. 1998) (declining to decide whether "conceptual difference" exists between standards but reaching same result under qualified immunity and on merits of excessive-force claim). At the time of the events in issue in this case, there is no question that Wilson's right to be free from excessive force was clearly established,[3] even if there is some ongoing uncertainty about which constitutional text is the source of that right. Because in this case we discern at most only a conceptual difference between the determination of "objective reasonableness" vel non for qualified-immunity purposes and for a holding on the merits, we will address in one fell swoop

---

[3]Since the right to be free from excessive force in the context of an arrest has been clearly established for some time, other circuits have simply held that, in excessive-force cases, the qualified-immunity inquiry and the inquiry on the merits are effectively the same. See Frazell v. Flanigan, 102 F.3d 877, 886-87 (7th Cir. 1996) (collecting cases).

both Spain's qualified immunity and the merits of Wilson's Fourth Amendment claim against Spain in his individual capacity. See George v. City of St. Louis, 26 F.3d 55, 57 (8th Cir. 1994) (noting that when federal right is clearly established, "it is appropriate for us to ascertain whether there is any genuine issue of material fact as to whether the defendant officials' actions violated the law"). The evidence permits only one conclusion: Officer Spain's conduct was objectively reasonable in the circumstances and therefore summary judgment was appropriate.

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Id. at 396-97. Moreover, the officer's subjective intentions are irrelevant; a pure heart will not make unreasonable acts constitutional, nor will malice turn a reasonable use of force into a violation of the Fourth Amendment. See id. at 397.

The only evidence that bears on the objective reasonableness of Officer Spain's actions is the police videotape of the incident. As the District Court accurately described it, the videotape, which also has been viewed by this Court, shows Officer Spain "attempting to make a rapid re-entry into a cell containing a prisoner who had been very difficult to manage." Memorandum Opinion & Judgment at 11. Wilson was banging on the door, and Officer Spain testified that he needed to re-enter the cell to quiet Wilson and to ensure that Wilson was not injuring himself. The videotape shows that Spain pushed the door open quickly, with both hands. While Spain might have known that the door could make contact with Wilson, a reasonable jury could not conclude from the videotape that the manner in which Spain opened the door was so forceful as to be objectively unreasonable in the circumstances. Once the door met resistance, Spain gave a stronger push and opened the door completely. The videotape

shows that the door was of a solid construction, with only a narrow slit for an opening. Spain therefore could not see through the door and had no way of knowing what Wilson was doing or precisely how he was positioned. We hold that a jury could not reasonably find that Spain's split-second decision to push harder against the door was unreasonable.

The other evidence does not help Wilson make his case. Testimony from Wilson's brother, William Wilson, describing the events is not probative because he only saw the events on closed-circuit television, the same view that was captured on videotape. Evidence of statements allegedly made by Officer Spain might show that Spain was angry with Wilson, or even that Spain threatened Wilson, but Spain's mental state is not relevant to the objective reasonableness of his actions. We therefore conclude that Officer Spain was entitled to summary judgment not only on the ground of qualified immunity but also on the merits of Wilson's claim against him in his individual capacity.

It necessarily follows that Wilson's other federal claims are dead in the water. The claims against then-Chief Jones and Officer Spain in their official capacities are tantamount to claims against the City of Rogers. See Kentucky v. Graham, 473 US. 159, 166 (1985). A municipality may be liable under § 1983 for the unconstitutional acts of its employees if some custom or policy of the municipality was the moving force behind the constitutional violation. See Board of County Comm'rs v. Brown, 520 U.S. 397, 403-04 (1997). Jones, as former chief of police, may be held liable in his personal capacity if he directly participated in, or if his failure to train or supervise caused, a constitutional violation. See Tilson v. Forrest City Police Dep't, 28 F.3d 802, 806-07 (8th Cir. 1994), cert. denied, 514 U.S. 1004 (1995). Since Spain's acts were objectively reasonable, however, no violation of the Fourth Amendment occurred, and there was no "deprivation of rights," 42 U.S.C. § 1983, for which Jones or the City could be liable. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam).

For the reasons stated above, we affirm the judgment of the District Court.

LOKEN, Circuit Judge, concurring.

I agree with the court that, viewing the undisputed facts in the light most favorable to plaintiff Robert Wilson, the actions of police officer David Spain were objectively reasonable. Therefore, defendant Spain is entitled to qualified immunity from Wilson's individual damage claim as a matter of law. Like the district court, I would not reach the issue whether Spain is entitled to summary judgment on the merits of Wilson's excessive force claim. I would affirm the dismissal of Wilson's remaining claims for the reasons stated by the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.