118 F.Supp.2d 968 (2000)
ALLSTATE INSURANCE COMPANY, Plaintiff,
v.
Jamie N. ESTES, Defendant.
No. 4:98CV2099TIA.
United States District Court, E.D. Missouri, Eastern Division.
August 17, 2000.
*969 Robert W. Cockerham, Senior Associate, David W. Cooper, Brown and James, P.C., St. Louis, MO, for Allstate Insurance Company, plaintiffs.
Preston E. Roskin, Kenneth A. Leeds, Roskin and Leeds, Clayton, Arthur G. Muegler, Jr., St. Louis, Clement E. Burns, Burns Law Office, Clayton, MO, for Jamie N. Estes, defendants.

MEMORANDUM AND ORDER
ADELMAN, United States Magistrate Judge.
This matter is before the Court on Plaintiff's Motion for Summary Judgment and Defendant's Counter Claim. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Procedural History
Plaintiff, Allstate Insurance Company, filed a Complaint for Declaratory Judgment on December 18, 1998. See Doc. 1. In its complaint plaintiff alleged that a fire, which occurred on March 14, 1998, on a property owned by the defendant, Jamie N. Estes,[1] and insured by plaintiff, was of incendiary origin and was not caused by any natural or accidental means. The complaint further alleged that the defendant intentionally concealed or misrepresented the nature of the fire. Plaintiff alleged in the complaint that it denied coverage for defendant's claimed loss because of defendant's conduct. Pursuant to its complaint, plaintiff seeks a declaration of its rights and obligations under the above described policy of insurance. For relief, plaintiff asks the court to declare that the policy of insurance on the defendant's property provides no coverage as a result of either concealment or misrepresentations, that defendant was responsible for the fire, that defendant's claim for coverage was excluded by her alleged conduct, and that the plaintiff is entitled to reimbursement for money advanced under the policy of insurance and for attorneys' fees and expenses.
In her answer, filed January 21, 1999, defendant admitted that she owned the property which burned and that plaintiff denied insurance coverage for the claim filed as a result of this fire. The defendant denied plaintiff's allegations regarding her conduct and asked the court to declare plaintiff's liability for coverage under the policy of insurance. See Doc. 8. Defendant also filed a counterclaim against plaintiff alleging that, without reasonable cause or excuse, plaintiff refused to pay defendant's claim pursuant to her policy of *970 insurance for the fire which occurred on March 14, 1998. See Doc. 10. For damages in her counterclaim, defendant seeks an amount which would compensate her for her losses under the insurance policy as well as interest, attorney's fees and penalties. In its response to the counterclaim, plaintiff denied the allegations in the counterclaim and, for affirmative defenses, alleged that the fire was the result of an intentional act and that the insurance policy on the property damaged by the fire was void as a result of this conduct. See Doc. 11.
On June 28, 1999, defendant filed a motion for stay of the proceedings in this matter pending disposition of a criminal case arising out of or in connection with the house fire which occurred on her property. See Doc. 21; State of Missouri v. Jamie N. Estes, Cause No. 99CR001883. On June 15, 1999, plaintiff filed an opposition to defendant's motion to stay proceedings, which motion the court denied. See Docs. 24 and 25. Defendant again filed a motion to stay the proceedings pending disposition of the criminal case, which motion the court granted, staying this matter until January 3, 2000. See Docs. 30 and 31. On January 18, 2000, plaintiff filed a notice of motion and on February 9, 2000, plaintiff filed its motion for summary judgment with a memorandum in support thereof. See Docs. 33 and 35. Defendant filed a response to plaintiff's motion for summary judgment, and plaintiff filed a reply to this response. See Doc. 37. By Order dated July 25, 2000, this court gave plaintiff until July 31, 2000, to file a statement of uncontroverted facts pursuant to Local Rule 4.01(E) and gave defendant until August 7, 2000, to file a response. See Doc. 52. On July 31, 2000, plaintiff filed a statement of uncontroverted facts. See Doc. 53. To date, defendant has failed to respond.

Undisputed Facts
On October 23, 1998, plaintiff requested the examination under oath of defendant pursuant to the terms and conditions of the policy of insurance on defendant's residence. See Plaintiff's Statement of Undisputed Facts ("Pl.Facts") at 10.[2] In a deposition given October 28, 1998, defendant testified that she purchased the residence located at 10917 Larkspur, in July of 1996. See Pl.Ex. 5 at 6. This property was insured against losses from certain risks by the insurance policy issued by plaintiff. See Pl. Facts at 2. The policy of insurance states:
Conealment or Fraud
We do not cover any loss or occurrence in which any insured person has concealed or misrepresented anymaterial fact or circumstance.
Pl.Ex. A at 6. The policy further states:
We do not cover loss caused by or consisting of:
a) intentional or criminal acts of or at the direction of any insured person, if the loss that occurs:
1) may be reasonably expected to result from such acts; or
2) is the intended result of such acts.
Id. at 36.
On March 14, 1998, while neither defendant nor her dog were present, the residence at 10917 Larkspur was destroyed by fire. See Pl. Facts at 3. In an affidavit submitted to this court, defendant swore that she "did not have anything to do with the cause or origin of the [f]ire," that she did not know of its cause or origin, or whether the fire was accidental or intentional, and that she did not make false or misleading statements regarding her loss. Defendant's Response to Plaintiff's Motion for Summary Judgment, Affidavit at paragraphs 7-15. In her deposition defendant testified that she discovered the fire when she returned from meeting a friend and *971 saw smoke coming out of the family room. See Pl.Ex. 5 at 85. Defendant also testified in her deposition that she did not participate in any way in the starting of the fire nor did she know the cause of the fire. See Pl. Facts at 13; Pl.Ex. 5 at 149-50. In a sworn statement dated August 14, 1998, defendant estimated her total property loss due to the fire at $103,208. See Pl. Facts at 7, Pl.Ex. 3. Included with her estimated loss, defendant itemized her property damaged or destroyed by the fire. See Pl. Facts at 8. This property included Beatles' pictures and books, photographs autographed by celebrities, wall posters, a painting by a deceased friend, cassette tapes, and 33 1/3 and 45 records. See Pl. Facts at 9, Pl.Ex. 4 at 4. During the course of her deposition, defendant testified that these specifically identified items were in her residence at the time of the fire. See Pl.Ex. 5 at 146-48.
A criminal fire investigation was conducted regarding the source of the fire at defendant's residence. See Pl.Ex. 6. During the course of this investigation it was determined that defendant had removed a substantial amount of property from the residence prior to the fire. See Pl. Facts at 13. On or about April 15, 1998, it was determined that defendant had rented a storage locker under an assumed name, that defendant had a storage crate, identified as 97XX13769, delivered to her residence shortly before the fire, that this storage crate was picked up from the residence on March 12, 1998, and that it was delivered to a public storage warehouse. See Pl. Facts at 1617, Pl.Ex. 6 at 10. On January 17, 1999, pursuant to a search warrant, it was determined that the storage locker contained items listed on the proof of loss executed by defendant including Beatles pictures and books, cassette tapes, posters, and 33 1/3 and 45 records. See Pl. Facts at 18, Pl.Ex. 6 at 13-14.
Pursuant to her indictment by a St. Louis County grand jury, defendant was charged with one count of arson in the second degree, a class C felony, and one count of attempted stealing over seven hundred fifty dollars by deceit, also a class D felony. See Pl. Facts at 19 and Pl.Ex. 7, Transcript of Criminal Proceedings (Crim. Tr.) at 2. On November 30, 1999, in Cause No. 99CR1883, in the Circuit Court of Missouri, Twenty First Judicial Circuit, Division 4, before the Honorable Bernhardt C. Drumm, Jr., defendant stipulated to the following facts:
[D]efendant, here also known as Jamie McKinney on or about Saturday, March 14th, 1998, in St. Louis County, Missouri, knowingly damaged an inhabitable structure consisting of a single family residence owned then by Jamie Estes and Suzanne Hawkins and located at 10917 Larkspur, and she did so by starting a fire. That's with regards to the arson in the second degree, a Class C Felony.
Pl.Ex. 7 at 13. Defendant further stipulated to the following:
Stipulated facts show beyond a reasonable doubt that the defendant committed the Class D felony of attempt to commit the offense of stealing over seven hundred fifty dollars by deceit in that on or about August 14th 1998, at 12140 Woodcrest Executive Drive, St. Louis County, Missouri, defendant Jamie Estes submitted a claim for losses of personal property and such conduct was a substantial step toward the commission of the crime of stealing over seven hundred fifty dollars by deceit in that defendant attempted to collect U.S. currency of a value of at least seven hundred fifty dollars which currency was owned by Allstate Insurance Company. And she attempted to appropriate such property with the purpose to deprive Allstate Insurance Company thereof by filing proof of loss representing to Allstate Insurance Company that all losses claimed were actual losses, which representations were false and known by defendant to be false and thereby attempted to induce Allstate to relay on her representation and was done for the purpose of *972 committing such stealing over seven hundred fifty dollars by deceit.
Pl.Ex. 7 at 14. Pursuant to the above stated stipulation of facts, the court found defendant guilty of the charges against her, suspended the imposition of sentence, and placed her on probation for a period of three years. See Pl. Facts at 22, Pl.Ex. 7 at 16-17.

Standard for Ruling on Summary Judgment
Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party. Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 775 (8th Cir.1995). The United States Supreme Court has noted that, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to `secure the just, speedy and inexpensive determination of every action'." Celotex, 477 U.S. at 327, 106 S.Ct. 2548 (1986) (quoting Fed.R.Civ.P. 1).
The initial burden of proof is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir.1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. Anderson, 477 U.S. at 249, 106 S.Ct. 2505; Celotex, 477 U.S. at 324, 106 S.Ct. 2548.
The Eighth Circuit "has repeatedly cautioned that summary judgment [i]s not appropriate unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party." Hindman v. Transkrit Corp., 145 F.3d 986, 990 (8th Cir. 1998). (citations omitted) However, summary Judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, on which that party will bear the burden of proof at trial." Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 971 (8th Cir. 1994), citing, Celotex, at 2552

Discussion
In Childers v. State Farm Fire and Casualty Company, 799 S.W.2d 138, 141 (Mo.App.E.D.1990), the court held that unambiguous language of an insurance policy dictates when an individual is precluded from recovering under the policy. When a policy unambiguously denies coverage for loss to property where an insured has intentionally concealed or misrepresented any material fact or circumstance relating to the insurance, the policy is void in regard to the claim of an insured who violated the policy's terms. Id. See also, Amick v. State Farm Fire and Casualty Company, 862 F.2d 704 (8th Cir.1988). The policy *973 of insurance which defendant had with plaintiff stated that, plaintiff does "not cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance." Pl.Ex. A at 6. Accordingly, the plain language of the policy of insurance would exclude coverage for damage caused by the fire at defendant's residence if defendant misrepresented material facts relating to her activities in relation to the fire.
It is uncontrovertd that defendant misrepresented facts relating to her property loss as a result of the fire, as she testified under oath, both in a sworn statement and in a deposition, that particular items were lost or destroyed in the fire despite her placing these items in a public storage locker where they remained until after the fire. Thus, assuming arguendo, that defendant had only misrepresented information regarding personal property destroyed by the fire, the policy by its plain language precludes her recovery for her alleged loss of property. Therefore, because the policy of insurance covering the property located at 10917 Larkspur unequivocally excludes coverage for concealment or misrepresentation and because it is uncontroverted that defendant engaged in such conduct, plaintiff is not obligated to pay defendant's claim for insurance.
Additionally, the policy of insurance further states that losses are not covered where they may reasonably be expected to result from "intentional or criminal acts of or at the direction of any insured person." Pl.Ex. A at 36. Plaintiff asserts that defendant's stipulation in the criminal case against her entitles plaintiff to summary judgment as a matter of law. Plaintiff further argues that defendant is collaterally estopped from contesting plaintiff's claim that defendant intentionally concealed or misrepresented the nature of the fire at her residence because of the stipulation made in the criminal matter. The United States Supreme Court has stated:
Under the doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. (citation omitted) ... [C]ollateral estoppel relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and [prevents] inconsistent decisions, encourage[s] reliance on adjudication.
Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Four requirements must be met before a finding in a previous matter is conclusive in a subsequent action; "(1) the issue must be identical to that involved in the prior proceeding; (2) the issue must have actually been litigated; (3) the issue must have been essential to the judgment, and (4) the determination must have been essential to the judgment." Haley v. Retsinas, 138 F.3d 1245, 1248 (8th Cir.1998).
It is undisputed that, not only was defendant convicted of crimes which by their very nature establish that she engaged in the conduct alleged in plaintiff's complaint for declaratory judgment, including intentionally concealing and/or misrepresenting material facts or circumstances regarding the fire at her residence and including engaging in intentional and/or criminal conduct in connection with said fire, but also that she was convicted as a result of her entering into a stipulation in which she admitted such conduct. Under such circumstances, defendant is collaterally estopped from denying the factual allegations in the complaint which were admitted in the stipulation in Cause No. 99CR1883 and which were the basis for the entry of judgment against her. Collateral estoppel further precludes defendant from contending that plaintiff vexatiously denied her claim because defendant admitted in the stipulation in Cause No. 99CR1883 that she engaged in conduct which justifies plaintiff's refusal to pay her claim pursuant to the policy of insurance. *974 See Defendant's Counter Claim at 8. The judgment and stipulation establish reasonable cause and excuse pursuant to the policy of insurance for plaintiff to refuse to pay defendant's claim.
Because the terms of the contract of insurance preclude insurance coverage for concealment or fraud regarding material facts or circumstances and preclude coverage for criminal acts by any insured which may be reasonably expected to result in loss, because unrefuted facts establish that plaintiff misrepresented material facts in her sworn statements, and because the court found defendant guilty of conduct which precludes coverage pursuant to her stipulation of fact, plaintiff is entitled to a declaration by this court that it is not liable to defendant.
Therefore, the undersigned concludes that there are no genuine issues of material fact regarding the allegations in the complaint in the instant matter, that plaintiff's denial of coverage for defendant's claimed loss was consistent with the terms of the relevant insurance policy, and that plaintiff is entitled to summary judgment as a matter of law. Additionally, as under Missouri law, an insurer does not vexatiously refuse to pay pursuant to a policy for insurance where the refusal was based on significant open questions of law, the undersigned finds that plaintiff did not vexaciously refuse to pay defendant's claim as alleged in defendant's counterclaim. See Vitale v. Aetna Casualty & Surety Company, 814 F.2d 1242, 1250 (8th Cir. 1987).
In its complaint, plaintiff sought reimbursement for money advanced to defendant, for payments made to the mortgagee, and for attorney's fees and costs. See Complaint at 16-18. In her answer and response to the motion for summary judgment, defendant denied allegations of the complaint related to reimbursement and attorney's fees and costs. However, under Missouri law, when an insurer pays a mortgagee for loss from an insured's arson, the property insurer is entitled to recoupment and restitution of that amount from the insured. See Employers Mutual Casualty Company v. Tavernaro, 4 F.Supp.2d 868, 870-71 (E.D.Mo.1998).
Also, under Missouri law, a court may award attorneys' fees in a declaratory judgment action where special circumstances exist. Employer's Mutual Casualty Company v. Tavernaro, 21 F.Supp.2d 1039, 1040 (E.D.Mo.1998). The Missouri Supreme Court has found such special circumstances in the instance of fraud. Id. Therefore, the undersigned further concludes that plaintiff is entitled to reimbursement from defendant for money advanced to defendant pursuant to the policy of insurance, for payments made to the mortgagee, and for attorneys' fees and costs.
Accordingly,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that plaintiff's motion for summary judgment (# 35) is granted, that declaratory judgment is granted in favor of plaintiff, and that defendant's counterclaim (# 10) is dismissed.
NOTES
[1] The complaint also named as a defendant Suzanne Hawkins. The parties stipulated to the dismissal of this defendant on March 1, 1999. See Doc. 12.
[2] References to plaintiff's statement of undisputed facts are to paragraph numbers, unless otherwise stated.