204 F.Supp.2d 1207 (2002)
George WILES, d/b/a Arcadia Valley Office Supply, Plaintiff(s),
v.
CAPITOL INDEMNITY CORPORATION, et al., Defendant(s).
No. 4:99CV1280JCH.
United States District Court, E.D. Missouri, Eastern Division.
May 10, 2002.
Arthur G. Muegler, Jr., St. Louis, MO, Blair K. Drazic, Creve Coeur, MO, for George Wiles.
Robert W. Cockerham, David W. Cooper, Brown and James, P.C., St. Louis, MO, for Capital Indem. Corp.

MEMORANDUM AND ORDER
HAMILTON, District Judge.
This matter comes before the Court on Defendant Capitol Indemnity Corporation's Motion to Recover Attorney Fees and Expenses. (Doc. # 92, 108).

*1208 BACKGROUND

On August 11, 1999, Defendant removed this case from the Circuit Court of the City of St. Louis. (Doc. # 1). On January 11, 2001, the Court granted Defendant's Motion For Summary Judgment with respect to Plaintiffs Complaint for civil conspiracy, fraud, breach of contract, vexatious refusal to pay, and petition for declaratory judgment. (Doc. # 70). On February 10, 2001, Defendant proceeded to trial on its Counterclaim for declaratory judgment on the issues of breach of contract, intentional concealment and misrepresentation of facts concerning the coverage and covered property, claim reimbursement, and attorney's fees and costs. On February 22, 2001, the jury returned a verdict in favor of Defendant and against Plaintiff on Defendant's Counterclaim. (Doc. # 88). The jury found that:
a. Plaintiff intentionally concealed or misrepresented material facts or circumstances in the application for insurance and that Defendant relied upon such facts or circumstances as represented;
b. Plaintiff intentionally concealed or misrepresented material facts or circumstances concerning the cause and origin of the fire loss during Defendant's claim investigation;
c. Plaintiff intentionally concealed or misrepresented material facts or circumstances concerning the value of the allegedly damaged property during Defendant's claim investigation;
d. Plaintiff intentionally concealed or misrepresented material facts or circumstances concerning his presence at 327 North Main Street on February 14, 1999 during Defendant's claim investigation;
e. Plaintiff intentionally concealed or misrepresented material facts or circumstances concerning the financial condition of Arcadia Valley Office Supply during Defendant's claim investigation; and
f. Plaintiff failed to cooperate with Defendant in the investigation of the insurance claim and misrepresented pertinent facts concerning the property involved.
(Id.). Defendant seeks reimbursement of attorneys' fees in the amount of $84,017.48[1] and $23,996.40 in expenses. (Doc. # 92, 108). In response, Plaintiff maintains that both the number of hours allegedly spent in preparing the case, and the hourly fees requested by Defendant, are unreasonable.[2] (Doc. # 95).

DISCUSSION
The court has the power to entertain this motion because it falls within the court's diversity jurisdiction. "In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." Chambers v. NASCO, 501 U.S. 32, 51-52, 111 S.Ct. 2123, 2136-37, 115 L.Ed.2d 27, 49-50 (1991), citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 260 n. 31, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141, 154 (1975). In a declaratory judgment action, the Missouri *1209 Supreme Court has held that attorneys' fees may be awarded as costs pursuant to R.S.Mo. § 527.100, where special circumstances exist. Employers Mut. Cas. Co. v. Tavernaro, 21 F.Supp.2d 1039, 1040 (E.D.Mo.1998), citing Bernheimer v. First Nat'l Bank of Kansas City, 359 Mo. 1119, 225 S.W.2d 745 (1949). In addition, the Missouri Supreme Court has found that special circumstances exist in the instance of fraud. Id., citing Miller v. Higgins, 452 S.W.2d 121, 125 (Mo.1970); see also Allstate Ins. Co. v. Estes, 118 F.Supp.2d 968, 974 (E.D.Mo.2000).
In the case at bar, Plaintiff failed to cooperate with Defendant in the investigation of Plaintiff's insurance claim, and prior to Defendant's ruling on the insurance claim, filed suit to recover on this claim. (Doc. # 70, p. 5). This Court granted Defendant's Motion for Summary Judgment. In addition, with respect to Defendant's counterclaims, the jury found Plaintiff had intentionally misrepresented material facts and circumstances surrounding Plaintiff's insurance claim. (Doc. # 88). Therefore, the court finds that Defendant's requested attorneys' fees are reasonable and within the prevailing rates in the St. Louis community and will grant Defendant's Motion to Recover Attorney's Fees and Expenses.

CONCLUSION
Accordingly,
IT IS HEREBY ORDERED that Defendant's Motion to Recover Attorneys' Fees and Expenses (Doc. #92, 108) is GRANTED.
IT IS FURTHER ORDERED that Plaintiff pay Defendant $84,017.48 in attorney's fees.
IT IS FURTHER ORDERED that Plaintiff pay Defendant $23,996.40 in expenses.
NOTES
[1] Defendant initially requested attorneys' fees in the amount of $61,476.80. (Doc. # 92). On April 16, 2002, Defendant amended his original motion and requested additional attorneys' fees in the amount of $22,540.68. (Doc. # 108). Both of these requests are supported by affidavits from Robert W. Cockerham. (Doc. # 92, attached Exh. B, Doc. # 108, attached affidavit).
[2] Plaintiff does not specifically challenge Defendant's requested expenses listed in the affidavit from William A. Johnson. (Doc. # 92, attached Exh. A).