318 F.3d 794
 Jamie N. ESTES, Appellant,
v.
Dean JOERLING; Thomas Lasater, also known as Thomas Lassiter, also known as Thomas Lassater; St. Louis County, Missouri; Suzanne L. Hawkins; Mary Ann Hawkins, Appellees.
 No. 02-2003.
 United States Court of Appeals, Eighth Circuit.
 Submitted: November 4, 2002.
 Filed: February 5, 2003.
 
 Arthur G. Muegler, Jr., St. Louis, MO, for appellant.
 Keith K. Cheung, Paul E. Martin, Clayton, MO, for appellee.
 Before HANSEN, Chief Judge, BEAM and RILEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 After a fire destroyed Jamie N. Estes's home, she filed an insurance claim in excess of $100,000. Police and insurance investigators concluded that the fire had been set intentionally and that Estes's insurance claim was fraudulent. She was charged in Missouri state court with second-degree arson and attempted stealing by deceit. The trial court denied Estes's motions to suppress, found her guilty after a bench trial, suspended imposition of her sentence, and placed her on probation. In federal court, Estes's insurance company secured a judgment declaring that her claim was not covered by her insurance policy because her intentional or criminal acts caused the fire and her claim misrepresented that certain personal property had been destroyed in the fire. See Allstate Ins. Co. v. Estes, 118 F.Supp.2d 968 (E.D.Mo.2000). We affirmed in an unpublished per curiam opinion. Allstate Ins. Co. v. Estes, 16 Fed.Appx. 534 (8th Cir. 2001).
 
 
 2
 Estes then sued under 42 U.S.C. §§ 1983 and 1985, alleging that defendants — consisting of two police officers, St. Louis County, and two private citizens — had framed her in violation of her constitutional rights. The district court[1] granted defendants' motion for summary judgment. Estes appeals.
 
 
 3
 The district court articulated several reasons why defendants' summary judgment motion should be granted. "We review the District Court's grant of summary judgment de novo and may affirm on any basis supported by the record." Wilson v. Spain, 209 F.3d 713, 716 (8th Cir. 2000). The district court correctly concluded that collateral estoppel bars Estes's lawsuit. See Simmons v. O'Brien, 77 F.3d 1093, 1096 (8th Cir.1996) (elements of collateral estoppel).
 
 
 4
 Accordingly, we affirm the judgment of the district court. We deny appellees' motions for damages and costs under Federal Rule of Appellate Procedure 38.
 
 
 
 Notes:
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri